### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC., ) | |
| ) | |
| GUN OWNERS FOUNDATION, ) | |
| ) | Case No. 1:18-cv-01429 |
| VIRGINIA CITIZENS DEFENSE ) | |
| LEAGUE ) | Hon. _____ |
| ) | |
| MATT WATKINS, ) | |
| ) | MOTION FOR PRELIMINARY |
| TIM HARMSEN, and ) | INJUNCTION |
| ) | |
| RACHEL MALONE, ) | EXPEDITED CONSIDERATION |
| ) | REQUESTED |
| Plaintiffs, ) | |
| ) | ORAL ARGUMENT |
| v. ) | REQUESTED |
| ) | |
| MATTHEW WHITAKER, in his official ) | |
| capacity as Acting Attorney General, ) | |
| of the United States, ) | |
| ) | |
| U. S. JUSTICE DEPARTMENT, ) | |
| ) | |
| BUREAU OF ALCOHOL, TOBACCO, ) | |
| FIREARMS AND EXPLOSIVES, and ) | |
| ) | |
| THOMAS E. BRANDON, in his official ) | |
| capacity as Acting Director, Bureau of ) | |
| Alcohol, Tobacco, Firearms, and ) | |
| Explosives ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to Fed. R. Civ. P. 65(a), Plaintiffs hereby move for a preliminary injunction as set out below, and for the reasons set out in their accompanying Memorandum and Verified Complaint for Declaratory Injunctive Relief.

As set forth in their Memorandum and Complaint, Plaintiffs allege that Defendant ATF's noticed regulation, banning the ownership of so-called "bump fire stocks," exceeds the agency's jurisdiction and authority, is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law.  Plaintiffs submit that they meet the standards for the issuance of a preliminary injunction:  they have shown a probability of success on the merits, they will be irreparably harmed if an injunction does not soon issue, the public interest will be served by enjoining Defendants' actions, and Plaintiffs have no adequate remedy at law.

Pursuant to Local Civil Rule 7(d), counsel for Plaintiffs telephoned Ryan Cobb at the office of US Attorney for the Western District of Michigan at (616) 808-2031 requesting concurrence with the relief sought herein by leaving a message.  Because a preliminary injunction presents no monetary risks to Defendants, Plaintiffs request that bond be set at $1.  Fed. R. Civ. P. 65(c).  For the reasons stated in the accompanying Memorandum and Complaint, Plaintiffs pray that the Court grant this motion and preliminarily enjoin Defendants from implementing the noticed regulation, until a final hearing on the merits.  Oral argument is requested on this motion, because of the complex legal issues involved in this case.

Pursuant to Local Civil Rule 7(e), Plaintiffs respectfully request an expedited briefing schedule on this motion, in order to permit this Court to resolve Plaintiff's motion as quickly as possible.  Time is of the essence in this case.  The noticed regulation will go into effect on March 26, 2019, at which time bump stock owners must have either destroyed or surrendered their property.  No doubt, many such persons will not wait until the last minute to do so, at risk of felony prosecution once the regulation becomes effective.  Moreover, Defendants will not be harmed by an expedited briefing schedule, because the process to enact the noticed regulation

began in December of 2017, and Defendants have indicated they are aware litigation such as this would follow enactment.

|  | Respectfully submitted, |
|---|---|
| Robert J. Olson | /s/ Kerry L. Morgan |
| William J. Olson | Kerry L. Morgan* |
| Jeremiah L. Morgan | (MI Bar No. 32645) |
| Herbert W. Titus | Pentiuk, Couvreur & Kobiljak, P.C. |
| William J. Olson, P.C. | 2915 Biddle Avenue |
| 370 Maple Avenue West, Suite 4 | Edelson Building |
| Vienna, VA 22180-5615 | Suite 200 |
| 703-356-5070 (telephone) | Wyandotte, MI 48192 |
| 703-356-5085 (fax) | 734-281-7100 (telephone) |
| wjo@mindspring.com (e-mail) | 734-281-2524 (fax) |
| *Of counsel* | Kmorgan@pck-law.com (e-mail) |
|  | *Counsel for Plaintiffs* |

Dated: December 26, 2018

3