## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| GUN OWNERS OF AMERICA, INC., | ) | |
| | ) | |
| GUN OWNERS FOUNDATION, | ) | |
| | ) | Case No. 1:18-cv-01429-PLM-RSK |
| VIRGINIA CITIZENS DEFENSE LEAGUE | ) | |
| | ) | Hon. Judge Maloney |
| | ) | |
| MATT WATKINS, | ) | |
| | ) | |
| TIM HARMSEN, and | ) | |
| | ) | |
| RACHEL MALONE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW WHITAKER, in his official capacity as Acting Attorney General, of the United States, | ) | |
| | ) | |
| U. S.  JUSTICE DEPARTMENT, | ) | |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, and | ) | |
| | ) | |
| THOMAS E. BRANDON, in his official capacity as Acting Director, Bureau of Alcohol, Tobacco, Firearms, and Explosives | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A STAY OF ALL PROCEEDINGS IN LIGHT OF LAPSE OF APPROPRIATIONS

Plaintiffs hereby oppose Defendants' Motion for Stay filed today, December 28, 2018

("Def. Mot.") (ECF #16).  Plaintiffs request that this Court deny the motion for a stay and

expedite proceedings or, in the alternative, grant a stay of the litigation together with a stay on the

effective date of the noticed regulation.

Plaintiffs recognize, as Defendants' motion points out, that the federal government currently is under a partial shutdown which began late last week, and for that reason,  Defendants have asked for a stay of these proceedings.  Although counsel for Defendants may be required to seek to defer pending civil litigation during the shutdown, there are important reasons for this litigation to continue, even under the Department of Justice policy applicable to civil litigation. Moreover, there are federal policies in place for this litigation to continue.

The challenged regulation's 90-day clock began ticking upon publication in the Federal Register, which occurred on December 26, 2018 — several days after the government shutdown began.  The date purposefully chosen by Defendants for publication of its regulation was the day after Christmas, and just before the New Year.  Yet now that Plaintiffs and their counsel have forfeited holiday time with friends and family in order to institute this litigation immediately after publication on a date chosen by Defendants, counsel for Defendants asks this Court to place the whole process on hold indefinitely; meanwhile the clock on the effective date of the proposed regulations continues to tick.

A stay in this case necessarily would be open-ended, as Defendants admit, "[t]he Department does not know when funding will be restored by Congress."  Def. Mot at 1.  Yet as Plaintiffs have alleged in their motion for preliminary injunction (ECF # 9), "time is of the essence in this case.  The noticed regulation will go into effect on March 26, 2019, at which time bump stock owners must have either destroyed or surrendered their property. No doubt, many such persons will not wait until the last minute to do so, at risk of felony prosecution once the regulation becomes effective." *Id.* at 2.

The Department of Justice FY 2019 Contingency Plan for government shutdowns specifically provides for funding of government lawyers involved in cases "where there is a reasonable likelihood that ... the protection of property would be compromised, in some significant degree, by delay in the performance of the function in question."[1]  This is just such a case.  Each day that passes brings an increasing risk that law-abiding bump stock owners will destroy or surrender their lawfully owned property.  Either disposition will be an irreparable decision, in the event this Court later decides the challenged regulation was outside ATF's authority to enact.

In a minute order entered in an unrelated case just yesterday, Judge Randolph Moss of the U.S. District Court for the District of Columbia denied in part the government's motion for a stay in O.A., et al v. Trump, et al., 18-cv-2718 (D.D.C.), noting that when there is "'some reasonable and articulable connection between the function to be performed and the safety of human life or the protection of property,' government functions may continue.  43 Op. Att'y Gen. 293 (January 16, 1981)."

When Plaintiffs were asked by counsel for Defendants to consent to a stay in proceedings, Plaintiffs responded through counsel that a temporary stay of these proceedings would be agreeable if DOJ would also agree to a concurrent extension of the "effective date" of the challenged regulation — one day for every day the shutdown lasts.  Defendants apparently have

---

[1] https://www.justice.gov/jmd/page/file/1015676/download.  As this DOJ plan explains, a large part of DOJ's work involves "ensur[ing] fair and impartial administration of justice for all Americans," and thus "a significant portion of the Department's mission relates to the safety of human life and the protection of property, and primarily for this reason, the Department has a high percentage of activities and employees that are excepted from the Antideficiency Act restrictions and can continue during a lapse in appropriations."  Id.

declined this solution to the current problem, choosing instead to seek a delay of these

proceedings with no delay of the regulation's effective date.

Defendants should not be free to enjoy both the benefit of a stay and the benefit of its own

decision to make the effective date of the Rule begin to run during the shutdown, all to the

prejudice of Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that this Court DENY Defendants' motion

for a stay in this case, and instead order an expedited briefing schedule so that the Court can have

sufficient time to consider Plaintiffs' Motion for a Preliminary Injunction before irreparable harm

is done to Plaintiffs, their members, and supporters.

HOWEVER, should a stay of the litigation be granted, Plaintiffs request that the Court

also order an extension of the effective date of the Department of Justice regulation, currently

March 26, 2019, by as much time as permits issuance of a scheduling order after the government

shutdown is completed.

Respectfully submitted,

Robert J. Olson                                          /s/ Kerry L. Morgan
William J. Olson                                         Kerry L. Morgan*
Jeremiah L. Morgan                                       (MI Bar No. 32645)
Herbert W. Titus                                         Pentiuk, Couvreur & Kobiljak, P.C.
William J. Olson, P.C.                                   2915 Biddle Avenue
370 Maple Avenue West, Suite 4                           Edelson Building, Suite 200
Vienna, VA 22180-5615                                    Wyandotte, MI 48192
703-356-5070 (telephone)                                 734-281-7100 (telephone)
703-356-5085 (fax)                                       734-281-2524 (fax)
wjo@mindspring.com (e-mail)                              Kmorgan@pck-law.com (e-mail)
*Of counsel*                                             *Counsel for Plaintiffs*
Dated: December 28, 2018