# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| GUN OWNERS OF AMERICA, Inc. *et al.* | |
| Plaintiffs, | Case No. 1:18-cv-01429-DLF |
| v. | |
| MATTHEW WHITAKER, *et al.* | Hon. Paul L. Maloney |
| Defendants. | |

## RESPONSE TO MOTION REQUESTING TELEPHONE CONFERENCE

Plaintiffs have requested a telephone conference in this action to discuss several matters, primarily issues of scheduling.  As Plaintiffs correctly represented in their motion, Defendants do not agree a scheduling conference is needed, and hereby elaborate on the basis for their position:

The Court adopted the current briefing schedule for Plaintiffs' preliminary injunction motion on January 9, 2019.  There are no new, relevant facts or circumstances related to that schedule that were not before the Court on that date.  Indeed, in contrast to Plaintiffs' speculative concerns about a possible, future appropriations lapse, the Court adopted the schedule during an actual appropriations lapse that affected both the Department of Justice and the Judicial Branch.  Likewise, when it set the current schedule, the Court had been informed of the March 26, 2019 effective date for the challenged regulation and the

possibility that one or more of the parties might seek to appeal any decision the Court reaches.

As to Plaintiffs' suggestion that a "live fire field inspection and test" be conducted, Defendants lack sufficient information to take a position on this request. For example, by invoking Fed. R. Civ. P. 34(a), Plaintiffs may be suggesting they intend to serve a discovery request on Defendants to "inspect, copy, test, or sample [a designated, tangible thing, *i.e.*, a bump stock] in Defendant's possession, custody, or control." Fed. R. Civ. P. 34(a). However, Plaintiffs may have in mind a "picture/demonstration/test" conducted by Plaintiffs or their agents or representatives. In either case, Defendants respectfully request that, rather than presenting their plan *ad hoc* in a telephone conference, Plaintiffs should make such a request by written motion, setting forth the specific nature and basis for Plaintiffs' request. This approach would be consistent with the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 7(b)(1), and would facilitate Defendants' ability to provide a fulsome response and the Court's ability to issue an informed decision. Plaintiffs' request for leave for permissive joinder of a new party should likewise be made by separate motion. *See id.*; Fed. R. Civ. P. 20.

As Plaintiffs' motion notes, counsel for Defendants "will be available to participate if the Court finds that [a telephone conference] is warranted. Undersigned counsel notes that he is unavailable all day on Monday, February 4, 2019, and unavailable after 12 p.m. Eastern Time on Wednesday, February 6, 2019.

Dated: February 4, 2019                     Respectfully submitted,

                                            ANDREW B. BIRGE
                                            United States Attorney

JOSEPH H. HUNT
Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director


/s/
ERIC J. SOSKIN (PA Bar #200663)
Senior Trial Counsel
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW Rm. 12002
Washington, DC 20530
Telephone: (202) 353-0533
Fax: (202) 616-8470
Email: Eric.Soskin@usdoj.gov

RYAN D. COBB
Assistant United States Attorney
Post Office Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
Ryan.Cobb@usdoj.gov

*Counsel for Defendants*