**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GUN OWNERS OF AMERICA, INC.,
et al.,

    Plaintiffs,                                   Case No. 1:18-cv-01429
                                                           Hon. Paul L. Maloney

v.

MATTHEW WHITAKER, et al.,

    Defendants.

_____

**BRIEF IN SUPPORT OF GUN OWNERS OF CALIFORNIA'S**
**MOTION TO BE JOINED AS A PARTY PLAINTIFF PURSUANT TO FRCP 20**

NOW COMES, GUN OWNERS OF CALIFORNIA, INC., ("GOC") by and through its Attorneys, PENTIUK, COUVREUR & KOBILJAK, P.C., and for its Brief in Support of its Motion to be Joined as a Party Plaintiff Pursuant to FRCP 20, state as follows:

**INTRODUCTION**

This case centers around the issuance of Defendant ATF's Final Rule re-classifying of bumpstock devices as machineguns.

Gun Owners of California (GOC) now seeks to be joined as Plaintiff in this action in which current Plaintiffs are seeking a preliminary injunction to preserve the status quo, followed by permanent injunctive relief restraining Defendants from enforcing ATF's Final Rule which is intended to prohibit private ownership of "bump-fire stocks", and seeking a declaratory judgment that such bump-fire stocks do not constitute "machineguns" under existing federal law.

GOC is a California non-stock corporation with its principal place of business in Sacramento, CA, and its mailing address being P.O. Box 278120, Sacramento, CA 95827-9932.

1

GOC is organized and operated as a non-profit membership organization that is exempt from federal income taxes under Section 501(c)(4) of the U.S. Internal Revenue Code. GOC was formed in 1975 to preserve and defend the Second Amendment rights of gun owners. GOC is supported by gun owners both within and without California.

GOC, its members, and supporters, will be irreparably harmed if the noticed regulation is permitted to take effect. Not only will GOC, its members, and supporters, lose the monetary value of their bumpstocks (through forced surrender, confiscation, or destruction) and their ability to use them, but GOC and all the Plaintiffs will be deprived of the ability to purchase and use bump stocks in the future. GOC bumpstock owners will lose the use and enjoyment of their belongings, along with the ability to keep and bear firearms equipped with bumpstocks. Semiautomatic rifles which have a bump fire stock removed, will be rendered inadequate unless a new stock is purchased by the owner.

Finally, any bumpstock owner who retains a bumpstock past the effective date, thinking he or she is protected by a copy of the prior ATF approval letter included by retailers with many bumpstock shipments, will be at risk of felony prosecution – and accompanying permanent loss of their Second Amendment rights – even if unaware of this sudden change in law.

GOC's mission statement can be found at https://www.gunownersca.com/about-us/mission/. GOC is concerned about firearms owners' rights and this includes its members who either own bumpstocks in California or want to own them. The instant action presents the opportunity to resolve the current dispute over bumpstocks and meets the requirements under FRCP 20.

## **PERMISSIVE JOINDER UNDER RULE 20 IS APPROPRIATE IN THIS CASE**

As described above, GOC is a person who may be joined as a Plaintiff in this action on the grounds that the claims asserted against the Defendants and Plaintiffs' rights to relief arise out of the same series of transactions or occurrences and implicate common questions of fact and law.  Accordingly, GOC meets the requirements of FRCP 20, which states:

> "Rule 20.
>
> (a)  Persons Who May Join or Be Joined.
>
> (1) *Plaintiffs.* Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action."

The purpose of Rule 20(a) of the Federal Rules of Civil Procedure ("FRCP") permits the joinder of plaintiffs in one action if:  (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences;  and (2) there are common questions of law or fact.  *Anderson v. Montgomery Ward & Co., Inc.*, 852 F.2d 1008, 1011 (7th Cir.1988); *Grayson v. K-Mart Corp.*, 849 F.Supp. 785, 787 (N.D.Ga.1994); See also 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 1683 at p. 443 (1986).

"The purpose of Rule 20(a) is to promote judicial economy and trial convenience. *Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 230 (M.D.Tenn.2001) (citing *Mosely v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir.1974). It is governed by the general principle to allow 'the broadest possible scope of action consistent with fairness to the parties.' *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966) (joinder of claims, parties

and remedies is strongly encouraged). ['P]ermissive joinder rests with the sound discretion of the district court.'" *Ohio v. Louis Trauth Dairy, Inc.*, 856 F.Supp. 1229, 1239 (S.D.Ohio 1994).

GOC meets the dual requirements of Rule 20. Its joinder is consistent with both the common questions element and the transactional relatedness prong, the later which requires that, to be joined, parties must assert rights, or have rights asserted against them, that arise from related activities-a transaction or an occurrence or a series thereof. See, e.g., *Michaels Bldg. Co. v. Ameritrust C*o., 848 F.2d 674, 682 (6th Cir.1988). The transactions related to purchase, retention, and destruction of bumpstock devices of members and supporters of GOC are clearly related to those of the Plaintiffs in this action. The facts of this case meet the permissive joinder criteria of Rule 20.

This rule does not require precise congruence of all factual and legal issues; joinder may be permissible if there is but one question of law or fact common to the parties. *Mesa Computer Utilities, Inc. v. Western Union Computer Utilities, Inc.,* D.C.Del.1975, 67 F.R.D. 634. The facts of this case meet the permissive joinder criteria of Rule 20.

Finally, joinder of the proposed plaintiff will not destroy the court's jurisdiction over this federal question case. Because subject matter jurisdiction in this case is based on federal question and not diversity (see Complaint, paragraph 1, Doc. 1), the proposed joinder will not divest the Court of jurisdiction over this matter. Indeed, if there is at least one federal question claim against any party, supplemental jurisdiction exists over all other properly-joined claims and/or parties. "Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." *See*, 28 U.S.C. § 1367(a).

## CONCLUSION

WHEREFORE, for the reasons stated above, GUN OWNERS OF CALIFORNIA, INC., respectfully requests this Honorable Court grant the relief requested in this Motion and permit it to join this action as a Plaintiff, and grant such other and further relief the Court may find just and proper.

Respectfully submitted,
**PENTIUK, COUVREUR & KOBILJAK, P.C.**

By: /s/Kerry L. Morgan
Kerry L. Morgan (P32645)
*Attorney for Gun Owners of California, Inc.*
*and Plaintiffs*
2915 Biddle Avenue, Suite 200
Wyandotte, MI  48192
Main:  (734) 281-7100
Fax:  (734) 281-2524
KMorgan@pck-law.com

Robert J. Olson
William J. Olson
Jeremiah L. Morgan
Herbert W. Titus
WILLIAM J. OLSON, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA  22180
T:  (703) 356-5070
F:  (703) 356-5085
wjo@mindspring.com
*Of Counsel*

Dated:  March 1, 2019.

## CERTIFICATE OF SERVICE

Karen Zurbo-Miller, is employed by PENTIUK, COUVREUR & KOBILJAK, P.C., and on March 1, 2019, e-filed and served *Gun Owners of California's Motion to be Joined as a Party Plaintiff Pursuant to FRCP 20* and *Brief in Support* using this Court's e-filing and e-service system.

/s/ Karen Zurbo-Miller
Karen Zurbo-Miller, Legal Assistant

Z:\2-G-L Clients\GOA Bumpstock Lit\Brief in Support of Rule 20 Motion 3.1.19.docx

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100