# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GUN OWNERS OF AMERICA, Inc.
*et al.*

Plaintiffs,

v.

WILLIAM P. BARR,
*et al.*,

Defendants.

Case No.  1:18-cv-01429-PLM-RSK

Hon. Paul L. Maloney

## DEFENDANTS' ANSWER

Defendants William P. Barr, Attorney General of the United States, Thomas E. Brandon, Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the United States Department of Justice ("DOJ") and ATF, through their undersigned counsel, hereby answer Plaintiffs' Complaint and set forth affirmative defenses as follows:

## INTRODUCTORY MATERIAL

1.      Admit.

2.      Admit that ATF previously issued classification decisions concluding that certain bump-stock-type devices were not machineguns.  Deny that this "acknowledge[s] that such devices . . . are not machineguns under federal law" following the effective date of *Bump-Stock-Type Devices*, 83 Fed. Reg. ("FR") 66514 (Dec. 26, 2018) ("Final Rule"), the subject of this litigation.

3.      As to the first sentence, admit that, on October 1, 2017, a shooter attacked a large crowd attending an outdoor concert in Las Vegas, Nevada, at the Route 91 Harvest music festival. As to the second sentence, admit.

4.     Admit that President Trump issued the presidential memorandum cited in footnote 1 to this paragraph; otherwise, deny.

5.     Admit that the Department issued a Notice of Proposed Rulemaking ("NPRM") on March 29, 2018, published at 83 Fed. Reg. 13442, and that the NPRM included the quoted material. Otherwise, deny.

6.     Deny.

7.     This paragraph is a statement of the relief sought by Plaintiff, to which no response is required.

## JURISDICTION AND VENUE

8.     Admit the first sentence.  Deny the second sentence as to the following relief requested by Plaintiff: "b. A declaratory judgment . . . that . . . find[s] . . . that bump stocks are . . . nothing more than firearm accessories which Defendants have no authority to regulate;" and "c. An order permanently enjoining Defendants from . . . in any other way regulating bump stocks under currently existing law."

9.     Admit.

## PARTIES

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17.     This paragraph is denied because Matthew Whitaker is no longer the Acting Attorney General of the United States.  William P. Barr is the current Attorney General of the United States and he is "automatically substituted as a party" for Matthew Whitaker pursuant to Federal Rule of Civil Procedure 25(d).  Defendants admit that Attorney General Barr is responsible for executing and administering law and policies of the United States, and is presently enforcing the laws and policies of the United States, including the National Firearms Act of 1934 and the Gun Control Act of 1968.  Defendants admit that President Trump's February 2018 memorandum was directed to former Attorney General Jefferson B. Sessions, III, but deny Plaintiffs' characterization of the memorandum, which speaks for itself.

18.     Admit.

19.     Admit.

20.     Admit that Defendant Brandon is the Acting Director of ATF.  Otherwise deny, because Acting Attorney General Whitaker promulgated the regulation at issue.

## STATEMENT OF FACTS

21.     Admit.

22.     Admit.

23.     Admit.

3

24.     Admit.

25.     Admit.

26.     Deny, except to admit that Plaintiffs correctly quote 18 U.S.C. § 926(a).

27.     Deny, except to admit that Plaintiffs correctly quote 26 U.S.C. § 7805(a).

28.     Admit.

29.     Deny, except to admit that the cited ATF regulations repeated the statutory definition of the term "machinegun" prior to adoption of the Final Rule.

30.     Deny, except to admit that the Final Rule is the first regulation interpreting the components of the statutory definition of machinegun.

31.     Deny, except to admit that Exhibit 2, which otherwise speaks for itself, contains the quoted language. Also admit that "bump firing" is a shooting technique.

32.     Deny, except to admit that Exhibit 3, which otherwise speaks for itself, contains the quoted language.

33.     Deny, except to admit that ATF Ruling 2006-2, which otherwise speaks for itself, contains the quoted language.

34.     Deny, except to admit that a bump stock as described in the Final Rule cannot be fired with one hand.

35.     This paragraph attempts to characterize all bump stocks, which have different designs.  Admit that the Final Rule applies to "devices [that] replace a rifle's standard stock and free the weapon to slide back and forth rapidly, harnessing the energy from the firearm's recoil either through a mechanism like an internal spring or in conjunction with the shooter's maintenance of pressure (typically constant forward pressure with the nontrigger hand on the barrel-shroud or fore-grip of the rifle, and constant rearward pressure on the device's extension ledge with the shooter's trigger finger." Otherwise, deny.

36.     This paragraph attempts to characterize all bump stocks, which have different designs. Deny that this paragraph describes all bump-stock-type devices; however, admit that this paragraph describes the use of some bump-stock-type devices by some shooters.

37.      This paragraph attempts to characterize all methods of bump firing, with or without a bump stock.  Deny that this paragraph describes all bump-firing; however, admit that this paragraph describes some instances of bump-firing devices by some shooters.

38.     This paragraph attempts to characterize all methods of bump firing, with or without a bump stock.  Deny that this paragraph describes all bump-firing; however, admit that this paragraph describes some instances of bump-firing devices by some shooters.

39.     This paragraph attempts to characterize all methods of bump firing, with or without a bump stock.  Deny that this paragraph describes all bump-firing; however, admit that this paragraph describes some instances of bump-firing devices by some shooters.

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

41.     This paragraph attempts to characterize all instances of methods of "bump fire", with or without a bump stock.  Deny that this paragraph describes all instances and methods of "bump fire"; however, admit that a shooter may bump fire a semiautomatic rifle without a bump-stock-type device and admit that a semiautomatic rifle without a bump-stock-type device or other alternation that would convert it into a machinegun is not a machinegun.

42.     Admit that bump stocks assist a shooter with bump firing; otherwise, deny.

43.     Deny.

44.     Admit that the Final Rule clarifies that bump-stock-type devices are machineguns and that the Final Rule regulates only "machineguns."

45.     Admit.

46.     Admit.

47.     Admit.

48.     Admit.

49.     This paragraph attempts to characterize the treatment of all ATF private letter rulings.  Deny, except to admit that ATF's general practice is not to make private letter rulings a matter of public record.

50.     This paragraph attempts to characterize the treatment of all ATF private letter rulings.  Deny.

51.     Admit that there is not a single database containing every ATF private letter ruling; otherwise, deny.

52.     Admit that this paragraph correctly quotes Exhibit 5, which otherwise speaks for itself.

53.     Admit that this paragraph correctly quotes Exhibit 6, which otherwise speaks for itself.

54.     Admit that ATF private letter rulings are not binding, precedential, or legal authority for persons other than those to whom the letter is addressed.  Otherwise, deny.

55.     Admit that Exhibit 7, which otherwise speaks for itself, comprises a September 30, 2004 letter from Sterling Nixon, Chief, Firearms Technology Branch, ATF, describing a 1996 determination that "a 14-inch long shoestring with a loop at each end . . . attached to the cocking handle of a semiautomatic rifle and . . . looped around the trigger and attached to the shooter's finger [which] caused the weapon to fire repeatedly until finger pressure was released from the string . . . was a machinegun as defined in 26 U.S.C. § 5845(b)."  Otherwise, deny.

56.      Admit that Exhibit 8, which otherwise speaks for itself, contains the quoted language.  Otherwise, deny.

57.     Admit.

58.     Admit.

59.     Admit that Exhibit 10, which otherwise speaks for itself, contains the quoted language and states that the "prototype shoulder stock assembly" discussed therein "does not constitute a 'machinegun'" under the interpretation applied in the Exhibit.  Otherwise, deny.

60.     Admit that Exhibit 11 states that the "testing of the Akins Accelerator demonstrated that a single pull of the trigger initiates an automatic firing cycle," that the Akins Accelerator is therefore a "machinegun," and that any past, inconsistent determinations are "hereby overruled." Otherwise, deny.

61.     Admit that ATF Ruling 2006-2 contains the quoted language.  Otherwise, deny.

62.     Admit.

63.     Admit that Exhibit 12, which otherwise speaks for itself, is dated June 18, 2008 and contains the quoted language.  Otherwise, deny.

64.     Admit that Exhibit 14, which otherwise speaks for itself, is dated June 26, 2008 and contains the quoted language.  Otherwise, deny.

65.     This paragraph attempts to characterize ATF's decisions regarding all samples of bump-fire-type stocks submitted after June 26, 2008.  Admit that ATF concluded that some such devices are not machineguns under federal law; otherwise, deny.

66.     Admit that Exhibit 1, which otherwise speaks for itself, is dated June 7, 2010 and contains the quoted language.  Otherwise, deny.

67.     Admit that Exhibit 15, which otherwise speaks for itself, is dated March 9, 2011, and contains the quoted language.  Otherwise, deny.

68.     Admit that Exhibit 16, which otherwise speaks for itself, is dated April 2, 2012 and contains the quoted language.  Otherwise, deny.

69.     Admit that Exhibit 17, which otherwise speaks for itself, is dated July 9, 2012 and contains the quoted language.  Otherwise, deny.

70.     Admit that Exhibit 18, which otherwise speaks for itself, is dated July 13, 2012 and contains the quoted language.  Otherwise, deny.

71.     Admit that Exhibit 19, which otherwise speaks for itself, is dated February 11, 2013 and contains the quoted language.  Otherwise, deny.

72.     Admit that Exhibit 20, which otherwise speaks for itself, is a letter from ATF's then-Assistant Director for Public and Governmental Affairs dated April 16, 2013, and contains the quoted language.  Otherwise, deny.

73.     Admit that Exhibit 21, which otherwise speaks for itself, is dated May 1, 2013 and contains the quoted language.  Otherwise, deny.

74.     Admit that Exhibit 22, which otherwise speaks for itself, is dated September 14, 2015 and contains the quoted language.  Otherwise, deny.

75.     Admit that Exhibit 23, which otherwise speaks for itself, is dated April 6, 2017 and contains the quoted language.  Otherwise, deny.

76.     As to the first sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Admit the second and third sentences.

77.     Admit.

78.     Admit.

79.     Admit that there was significant public interest in bump stocks following the Las Vegas shooting; otherwise, deny.

80.     Deny, except to admit that ATF officials, prior to the issuance of the NPRM, made one or more public statements that bump stocks are not machine guns.

81.     Admit that Exhibit 24, which otherwise speaks for itself, contains an October 2, 2017 email from ATF Acting Director Thomas Brandon containing the quoted language. Otherwise, deny.

82.     Admit that Exhibit 24, which otherwise speaks for itself, contains an October 2, 2017 email to ATF Acting Director Thomas Brandon containing the quoted language. Otherwise, deny.

83.     Admit that Exhibit 25, which otherwise speaks for itself, contains an October 3, 2017 email from Monique Y. Villegas containing the quoted language. Otherwise, deny.

84.     Admit that Exhibit 26, which otherwise speaks for itself, contains an October 6, 2017 email from Joseph J. Allen containing the quoted language. Otherwise, deny.

85.     Admit that Exhibit 27 to Plaintiffs' Complaint contains the quoted language. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

86.     Admit that Exhibit 27 to Plaintiffs' Complaint contains the quoted language. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

87.     Admit that Exhibit 28 to Plaintiffs' Complaint contains the quoted language. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

88.     Admit that the first link in footnote 9 to this paragraph contains the quoted language. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

89.      Deny.

9

90.     Admit that Exhibit 29, which otherwise speaks for itself, contains the quoted language.  Otherwise, deny.

91.     Admit that Exhibit 29, which otherwise speaks for itself, contains the quoted language.  Otherwise, deny.

92.     Admit that Exhibit 29, which otherwise speaks for itself, contains the quoted language.  Otherwise, deny.

93.     Admit.

94.     Deny.

95.     Admit.

96.     Deny.

97.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

98.     Deny.

99.     Admit that the link in footnote 10 to this paragraph contains the quoted language. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

100.    Admit that ATF issued the Advance Notice of Public Rulemaking published at 82 Fed. Reg. 60929 on December 26, 2017.  Otherwise, deny, except that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning what is "reportedly" known.

101.    Admit that the President issued the memorandum linked in footnote 1 on February 20, 2018.  Otherwise, deny.

102.    Admit that the Department issued the NPRM published at 83 Fed. Reg. 13442 on March 29, 2018 and that the NPRM proposed, *inter alia*, to clarify that bump stocks are machineguns

and to revise definitions of "machinegun" contained in the Code of Federal Regulations. Also admit that the NPRM stated that the deadline for comments was June 27, 2018. Otherwise, deny.

103.    Deny, except to admit that the NPRM proposed to "supplant any prior inconsistent letter rulings."

104.    Admit that the Final Rule contains the quoted language; otherwise, deny.

105.    Admit that the Final Rule contains the quoted language; otherwise, deny.

106.    Admit that the Final Rule contains the quoted language; otherwise, deny.

107.    Admit that the Department issued the Final Rule on December 26, 2018 and that the Final Rule is published at 83 Fed. Reg. 66514. Otherwise, deny.

108.    Admit that the Final Rule contains the quoted language.

109.    As to the first sentence, deny. As to the second sentence, admit that Congress has defined the term "semiautomatic rifle" to mean "any repeating rifle which utilizes a portion of the energy of a firing cartridge to extract the fired cartridge case and chamber the next round, and which requires a separate pull of the trigger to fire each cartridge." 18 U.S.C. § 921(a)(28).

110.    Deny.

111.    Deny.

112.    Deny.

113.    Deny the first sentence. As to the second sentence, admit that Congress has defined the term "semiautomatic rifle" to mean "any repeating rifle which utilizes a portion of the energy of a firing cartridge to extract the fired cartridge case and chamber the next round, and which requires a separate pull of the trigger to fire each cartridge." 18 U.S.C. § 921(a)(28).

114.    Admit that a bump stock does not change the cyclic rate of fire of a semi-automatic firearm to which it is affixed, but deny that a bump stock does not change the effective rate of fire that can be attained by most shooters.

115.   This paragraph attempts to characterize all bump stocks.  Deny that this paragraph accurately describes all bump stocks; however, admit that some bump stocks require the shooter to maintain constant forward pressure with the non-trigger hand and constant rearward pressure on the device's extension ledge.

116.   Admit that Exhibit 30, which otherwise speaks for itself, contains the quoted language, that Ronald B. Turk was then Acting ATF Deputy Director, and that Thomas E. Brandon was then Acting Director.  Otherwise, deny.

117.   Deny.

118.   Deny.

119.   Admit that Exhibit 31, which otherwise speaks for itself,  contains the quoted language.  Otherwise, deny.

120.   Admit that Exhibit 32, which otherwise speaks for itself, contains the quoted language.  Otherwise, deny.

121.   Admit that Exhibit 32, which otherwise speaks for itself, contains the quoted language.  Otherwise, deny.

122.   Admit that Exhibit 33, which otherwise speaks for itself, contains the quoted language.  Otherwise, deny.

123.   Admit that Exhibit 33, which otherwise speaks for itself, contains the quoted language.  Otherwise, deny.

124.   Deny.

**ALLEGATIONS RELATING TO INJUNCTIVE RELIEF**

125.   Paragraph 125 is Plaintiffs' statement of requested relief, to which no response is required.  To the extent a response is required, deny.

126.    Paragraph 126 is Plaintiffs' statement regarding irreparable harm, which incorporates allegations from paragraph 16 and to which no response is required.  To the extent a response is required, Defendants respectively incorporate their response to paragraph 16, *i.e.*, that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

127.    Deny.

128.    Paragraph 128 is Plaintiffs' statement regarding irreparable harm, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

129.    Paragraph 129 is Plaintiffs' statement regarding a "balance of harms," to which no response is required.  To the extent a response is required, Defendants deny that the balance of harms weighs in Plaintiffs' favor, assert they have a valid interest in the lawful exercise of rulemaking authority in the Final Rule, and admit that the Final Rule values the bump stocks to be destroyed as a result of the Final Rule at more than $100 million.  Otherwise, deny.

130.    Paragraph 130 is Plaintiffs' statement regarding "harm to Defendants," to which no response is required.  To the extent a response is required, deny.

131.    Paragraph 131 is Plaintiffs' statement regarding "the public interest" to which no response is required.  To the extent a response is required, deny.

132.    Paragraph 132 "reallege[s] paragraphs 1 through 131," to which no response is required.  To the extent a response is required, Defendants incorporate their responses to paragraphs 1 through 131.

133.    Deny.

134.    Deny.

135.    Paragraph 135 repeats Plaintiffs' statement of irreparable harm, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

136.    Paragraph 136 "reallege[s] paragraphs 1 through 135," to which no response is required.  To the extent a response is required, Defendants incorporate their responses to paragraphs 1 through 135.

137.    Deny.

138.    Deny.

139.    Paragraph 139 repeats Plaintiffs' statement of irreparable harm, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

140.    Paragraph 140 "reallege[s] paragraphs 1 through 139," to which no response is required.  To the extent a response is required, Defendants incorporate their responses to paragraphs 1 through 139.

141.    Admit.

142.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

143.    Admit that the Final Rule estimates that the Final Rule will result in a loss of property amounting to $102.5 million and foregone future production and sales of bump stocks. Otherwise, deny.

144.    Admit that, prior to the Final Rule, ATF issued classification letters that determined that some bump-stock-type devices were not "machineguns" as defined by the NFA.  Otherwise, deny.

145.    Deny.

14

146.    Paragraph 146 "reallege[s] paragraphs 1 through 145," to which no response is required.  To the extent a response is required, Defendants incorporate their responses to paragraphs 1 through 145.

147.    Admit.

148.    Deny.

149.    Admit that the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner, and that this principle is set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976).

150.    Deny.

151.    Deny.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiffs are entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever.

Defendants hereby specifically deny each and every allegation in the Complaint not expressly admitted or denied in this Answer, or to which it has responded that it has insufficient information to admit or deny.

**AFFIRMATIVE DEFENSES**

1.  Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.  The Final Rule is supported by substantial evidence and is neither arbitrary, capricious, nor an abuse of discretion and, therefore, should be affirmed on the administrative record.

3.  Defendants' actions did not, and do not, violate the United States Constitution, Amend. V, Amend. XIV, the Administrative Procedure Act, or any other law.

4.  Plaintiffs do not meet the standards required to obtain a preliminary or permanent injunction.

5.  Defendants' actions and positions were and are substantially justified within the meaning of the Equal Access to Justice Act.

WHEREFORE, having fully answered, Defendants respectfully state that:

1.  This Court should enter judgment for Defendants and dismiss this action with prejudice; and

2.  Defendants should be granted such further relief as the Court may deem just and proper.

DATED this 14th day of March, 2019.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director

MATTHEW J. GLOVER
Counsel to the Assistant Attorney General

/s/_____
ERIC J. SOSKIN (PA Bar #200663)
Senior Trial Counsel
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW Rm. 12002
Washington, DC 20530
Telephone: (202) 353-0533
Fax: (202) 616-8470
Email: Eric.Soskin@usdoj.gov
*Counsel for Defendants*