**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: March 25, 2019

Mr. Bradley Hinshelwood
Mr. Kerry Lee Morgan
Mr. Robert J. Olson
Mr. Eric J. Soskin
Ms. Abby Christine Wright

Re:  Case No. 19-1298, *Gun Owners of America, Inc., et al v. William Barr, et al*
Originating Case No. : 1:18-cv-01429

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Jennifer Earl
Case Manager
Direct Dial No. 513-564-7066

cc:  Mr. Thomas Dorwin

Enclosure

No.  19-1298

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| GUN OWNERS OF AMERICA, INC., et al., | ) | **FILED** |
|  | ) | Mar 25, 2019 |
| Plaintiffs-Appellants, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | O R D E R |
|  | ) |  |
| WILLIAM P. BARR, U.S. Attorney General, et al., | ) |  |
|  | ) |  |
| Defendants-Appellees. | ) |  |

Before:  COLE, Chief Judge; KEITH and CLAY, Circuit Judges.

The plaintiffs appeal the denial of their motion for a preliminary injunction in this action challenging the final rule of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") regulating bump stocks.  Bump-Stock-Type Devices, 83 Fed. Reg. 66514, 2018 WL 6738526 (Dec. 26, 2018) ("Final Rule").  The Final Rule is effective on March 26, 2019, and the plaintiffs move to stay the effective date pending appeal.

The Final Rule amends ATF regulations

> to clarify that bump-stock-type devices—meaning "bump fire" stocks, slide-fire devices, and devices with certain similar characteristics—are "machineguns" . . . because such devices allow a shooter of a semiautomatic firearm to initiate a continuous firing cycle with a single pull of the trigger. Specifically, these devices convert an otherwise semiautomatic firearm into a machinegun by functioning as a self-acting or self-regulating mechanism that harnesses the recoil energy of the semiautomatic firearm in a manner that allows the trigger to reset and continue firing without additional physical manipulation of the trigger by the shooter. Hence, a semiautomatic firearm to which a bump-stock-type device is attached is able to produce automatic fire with a single pull of the trigger.

No. 19-1298
-2-

Bump-Stock-Type Devices, 83 Fed. Reg. at 66514.   The Final Rule provides that current

possessors of bump stock-type devices "will be required to destroy the devices or abandon them

at an ATF office prior to" the effective date of March 26, 2019.  *Id.*

The plaintiffs must demonstrate "that the circumstances justify" the exercise of discretion

to grant a stay.  *Nken v. Holder*, 556 U.S. 418, 434 (2009).  Four factors guide our consideration:

(1) whether they have a likelihood of success on the merits; (2) whether they will suffer irreparable

harm in the absence of a stay; (3) whether the requested stay will substantially injure other

interested parties; and (4) where the public interest lies.  *Id*. at 434.  The final two stay factors , the

harm to others and the public interest, "merge when the Government is the opposing party."  *Id*. at

435.

In addressing the plaintiffs' likelihood of success on the merits, we consider the likelihood

that they can demonstrate an abuse of discretion by the district court in denying preliminary

injunctive relief.  *See Mich. St. A. Philip Randolph Inst. v. Johnson*, 833 F.3d 656, 662 (6th Cir.

2016).  The plaintiffs have not shown the likelihood of an abuse of discretion. We also note that

two other district courts have denied preliminary relief enjoining the Final Rule.  *See Aposhian v.*

*Barr*, 2019 WL 1227934 (D. Utah Mar. 15, 2019), *appeal docketed*, No. 19-4036 (10th Cir. Mar.

18, 2019); *Guedes v. ATF*, 356 F. Supp. 3d 109 (D.D.C. 2019), *appeal docketed*, Nos. 19-

5042/5043/5044 (D.C. Cir. Feb. 26, 2019).

The government concedes that the plaintiffs will suffer irreparable harm if the

implementation of the Final Rule is not enjoined.  However, the public interest in safety supports

the denial of a stay pending appeal.

No. 19-1298
-3-

Balancing these factors, we conclude that a stay pending appeal is not warranted.

Accordingly, the motion for a stay pending appeal is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk