UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GUN OWNERS OF AMERICA, INC.,**
et al.,

      **Plaintiffs,**          Case No. 1:18-cv-01429
                                     Hon. Paul L. Maloney

v.

**WILLIAM P. BARR, et al.,**

      **Defendants.**
_____

**PLAINTIFFS' UNOPPOSED MOTION FOR
STAY OF PROCEEDINGS PENDING APPEAL AND SUPPORTING MEMORANDUM**

Pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A), and for the reasons outlined below, Plaintiffs respectfully move this Court to stay proceedings in this case, pending resolution of their appeal to the U.S. Court of Appeals for the Sixth Circuit of this Court's denial of their Motion for Preliminary Injunction, ECF No. 9. Pursuant to Local Rule 7.1(d) of the rules of this Court, counsel for Plaintiffs have consulted with counsel for Defendants, who have stated they have no objection to this motion and do not oppose a stay by this Court pending appeal.

This Court has noted that "[f]ederal district courts have broad discretion to stay the proceedings of a case on the docket. ... The court's power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants.'" Visser v. Caribbean Cruise Line, Inc., 2015 U.S. Dist.

1

LEXIS 184753, *2 (W.D. Mich. Nov. 9, 2015) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). Even though "the filing of an interlocutory appeal does not automatically stay proceedings in the district court, the district court has broad discretion to decide whether a stay is appropriate." Ass'n of Irritated Residents v. Fred Schakel Dairy, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008).

Here, "neither the [Defendants] nor the public will suffer harm from entry of the order." Ohio Envtl. Council v. U.S. Dist. Court, 565 F.2d 393, 396 (6th Cir. 1977). Considered under the three-part test discussed in Schroeder v. Hess Indus., 2013 U.S. Dist. LEXIS 75726 (W.D. Mich. May 30, 2013), a stay here (1) would not "unduly prejudice or present a clear tactical disadvantage to the non-moving party," a stay (2) very well may "simplify the issues in question and trial of the case," and (3) "discovery is [not] complete and [no] trial date has been set." *See id.* at *3. Finally, granting a stay here "will further the interest in economical use of judicial time and resources." F.T.C. v. E.M.A. Nationwide, Inc., 767 F.3d 611, 627-28 (6th Cir. 2014)). District courts often grant stays of proceedings pending the outcome of an appeal that will directly impact the litigation in the district court. *See* Benisek v. Lamone, 266 F. Supp. 3d 799, 801 (D. Md. 2017).

Whatever decision is reached by the Sixth Circuit, it likely would bear significantly on how the parties view this case going forward. Having the case proceed simultaneously in district court and the court of appeals would require both parties to devote considerable resources to litigation which perhaps could be avoided. Thus, judicial economy weighs heavily in favor of granting a stay here, no matter how the Sixth Circuit decides. Concurrent litigation in both courts would not

2

be efficient, nor would it meet the goal of F.R.Civ.P. 1 "to secure the just, speedy, and inexpensive determination of every action and proceeding."

        Respectfully submitted,
        **PENTIUK, COUVREUR & KOBILJAK, P.C.**

        By:  /s/ Kerry L. Morgan
        Kerry L. Morgan (P32645)
        *Attorney for Plaintiffs*
        2915 Biddle Avenue, Suite 200
        Wyandotte, MI   48192
        Main:   (734) 281-7100
        Fax:   (734) 281-2524
        KMorgan@pck-law.com

        Robert J. Olson
        William J. Olson
        Jeremiah L. Morgan
        Herbert W. Titus
        WILLIAM J. OLSON, P.C.
        370 Maple Avenue West, Suite 4
        Vienna, VA   22180
        T:   (703) 356-5070
        F:   (703) 356-5085
        wjo@mindspring.com
        *Of Counsel*

Dated: May 2, 2019.

## CERTIFICATE OF SERVICE

    Karen Zurbo-Miller, is employed by PENTIUK, COUVREUR & KOBILJAK, P.C., and on May 2, 2019, e-filed and served *Plaintiffs' Unopposed Motion for Stay of Proceedings Pending Appeal and Supporting Memorandum* using this Court's e-filing and e-service system.

        /s/ Karen Zurbo-Miller
        Karen Zurbo-Miller, Legal Assistant

Z:\2-G-L Clients\GOA Bumpstock Lit\Motion for Stay Pending Appealdocx.docx