UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUN OWNERS OF AMERICA, INC., *et al.*,      )
                                Plaintiffs,      )
                                               )      No. 1:18-cv-1429
-v-      )
                                             )      Honorable Paul L. Maloney
MERRICK GARLAND, *et al.*,      )
                            Defendants.      )
                                               )
_____)

## ORDER SUBSTITUTING PARTIES AND ORDER DENYING MOTION FOR JOINDER

In 2018, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) determined that bump stocks met the federal statutory definition of "machinegun." The ATF promulgated regulations criminalizing bump stocks. Gun Owners of America and others sued then United States Attorney General Matthew Whitaker. Plaintiffs sought a preliminary injunction.

On March 1, 2019, a few days before the Court held a hearing on the motion for a preliminary injunction, Gun Owners of California (GOC) filed a motion seeking to join this lawsuit. (ECF No. 39.) The Court issued the order denying Plaintiff's motion for a preliminary injunction on March 21, 2019, before it addressed the motion for joinder. Plaintiffs appealed the denial of their motion for a preliminary injunction. On January 26, 2022, the Sixth Circuit issued the mandate. The Court now has jurisdiction to consider the motion for joinder.

A.  Substitution of Parties

The Court **SUBSTITUTES** the current United States Attorney General Merrick

Garland in place of William Barr.  Plaintiffs sued the United States Attorney General in his

official capacity.  Rule 25(d) permits a court to substitute "at any time" the proper individual

when a lawsuit is brought against public officers in their official capacities.  Merrick Garland

currently holds the office of the United States Attorney General.

B.  Motion for Joinder

Rule 20 of the Federal Rules of Civil Procedure governs permissive joinder of parties.

Rule 20(a) provides that persons may join an action as plaintiffs if they assert (1) any right to

relief arising out of the same transaction or occurrence and (2) any question of law or fact

common to all plaintiffs.  Fed. R. Civ. P. 20(a)(1)(A).  The decision to permit a party to join

an on-going lawsuit falls within the district court's discretion.  *Indep. Liberty Life Ins. Co. v.*

*Fiduciary and Gen. Corp.,* 91 F.R.D. 535, 537 (E.D. Mich. 1981) (citation omitted).

Permitting parties to join on-going lawsuits promotes judicial economy and avoids multiple

lawsuits in which the same facts and law would be litigated, potentially resulting in different

outcomes.  *See id.*  The rule "is a procedural rule based on trial convenience."  *Id.* (quoting

*Gates v. L.G. DeWitt, Inc.,* 528 F.2d 405, 413 (5th Cir. 1976)).

Gun Owners of California contends that it, its members and its supports will be

"irreparably harmed if the noticed regulation is permitted to take effect" because they will

"lost the monetary value of their bumpstocks . . ., their ability to use them, . . . [and] will be

deprived of the ability to purchase and use bump stocks in the future."  (ECF No. 40 Br. at

2

2 PageID.306.)  These allegations track the injuries alleged, at least in part, in the causes of action outlined in the complaint.

The Court concludes that permitting GOC to join this lawsuit would not promote judicial economy and would not avoid the multiplicity of lawsuits.  The Court finds GOC's description of its injury curious.  California functionally banned bump stocks in 1990.  *See* Cal. Penal Code §§ 16930, 16590(q) and 32900.  California's prohibition on bump stocks creates standing concerns for GOC that would not be a problem for any of the current named plaintiffs.  And, permitting GOC to join this action would not avoid multiple lawsuits and the attendant risks of adverse outcomes.  A number of lawsuits challenging the same ATF regulation were filed in federal district courts around the country and have subsequently been considered in part by circuit courts.[1]  *See, e.g., Guedes v. Bur. of Alcohol, Tobacco, Firearms and Explosives*, 920 F.3d 1 (D.C.C. 2019); *Aposhian v. Barr*, 958 F.3d 969 (10th Cir. 2020); *McCutchen v. United States*, 14 F.4th 1355 (Fed. Cir. 2021); *Cargill v. Garland*, 20 F.4th 1004 (5th Cir. 2021); *see also Hardin v. Bur. of Alcohol, Tobacco, Firearms and Explosives*, 501 F. Supp. 3d 445 (W.D. Ky. 2020); *Lane v. United States*, —F. Supp. 3d—, No. 3:19cv1492 (N.D. Tex. Mar. 30, 2020); *Doe v. Trump*, No. 19cv6, 2020 WL 1956134 (S.D. Ill. Apr. 22, 2020).

---

[1]    In addition to the cases cited here, a number of other lawsuits were filed in federal district courts that challenged the regulation by asserting that President Donald Trump violated the Appointments Clause when he appointed Matthew Whitaker as Attorney General.  The Court has not cited those cases.

4

Accordingly, the Court exercises its discretion and **DENIES** Gun Owners of California's motion for joinder.  (ECF No. 39.)  **IT IS SO ORDERED.**

Date:＿＿ January 27, 2022 ＿             ＿/s/  Paul L. Maloney＿＿＿＿
                                                      Paul L. Maloney
                                                      United States District Judge