UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC., *et al.*,<br>        Plaintiffs,<br><br>-v-<br><br>MERRICK GARLAND, *et al.*,<br>        Defendants. | No. 1:18-cv-1429<br><br>Honorable Paul L. Maloney |

## ORDER RESOLVING COMPETING PROPOSALS

The parties generally agree that the Court must enter a final order in favor of Plaintiffs in this lawsuit. The parties disagree about the scope of that final order and both parties have submitted proposals for the final order. The Court will modify and enter Defendants' proposal.

### I.

Following a mass shooting in into a crowd at a music festival in Las Vegas, Nevada, in October 2017, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) initiated regulatory procedures to classify bump stocks as machineguns. The ATF published its final rule, which effectively banned bump stocks, on December 26, 2018. The final rule would have become effective on March 26, 2019. Individuals possessing bump stocks were supposed to destroy or abandon their devices at an ATF officer prior to March 26.

Plaintiffs contend the ATF exceeded its authority and filed this lawsuit the same day that ATF published the final rule.[1] The complaint includes four causes of action. In the first two claims, Plaintiffs allege violations of the Administrative Procedures Act (APA). For the third claim, Plaintiffs plead a future violation of the Takings Clause of Fifth Amendment to our constitution. For the fourth claim, Plaintiffs plead violations of the procedural due process clauses of the federal and Michigan constitutions. Plaintiffs contend their due process rights were first violated when the defendants caused the regulation to be published without affording a pre-deprivation hearing. Plaintiffs also contend that the procedure for disposal does not afford any due process.

Plaintiffs sought prospective relief, both declaratory and injunctive relief. They sought (1) a preliminary injunction prohibiting Defendants from enforcing the regulation; (2) a declaratory judgment holding unlawful and setting aside the regulation and "finding that rapid, semiautomatic fire is not fully automatic fire, that bump stocks are not machine guns under federal law, but rather nothing more than firearm accessories which Defendants have not authority to regulate;" (3) "permanently enjoining Defendants from enforcing the challenged regulation, or in any other way regulating bump stocks under currently existing law; and (4) attorney fees and costs under the EAJA.[2]

---

[1] Plaintiffs include one individual residing in the Western District of Michigan, Matt Watkins. Three plaintiffs are non-stock, not-for-profit foreign corporations with their principal place of business in Virginia (Gun Owners of America, Inc. and Gun Owners Foundation, the Virginia Citizens Defense League). The other two individual plaintiffs reside in Indiana (Tim Harmsen) and Texas (Rachel Malone). Ms. Malone pled that she did not currently own a bump stock would but would purchase one if not for the regulation.

[2] The complaint does not include any prayer for relief based on the third or fourth causes of action. The Court assumes that when Plaintiffs filed the complaint, the same day ATF published the final rule, they had not yet disposed of their bump stocks.

The Court held a hearing for a preliminary injunction on March 6, 2019. Fifteen days later, on March 21, 2019, this Court denied Plaintiffs' motion for a preliminary injunction. Plaintiffs filed an appeal.

The Sixth Circuit initially reversed this Court's decision and ruled against the government. *Gun Owners of America, Inc. v. Garland*, 992 F.3d 446 (6th Cir. 2021). In June 2021, the circuit court agreed to hear the appeal on *en banc*. *Gun Owners of America, Inc. v. Garland*, 2 F.4th 576 (6th Cir. 2021). The court evenly split with eight judges voting to affirm and eight judges voting to reverse, resulting in the affirmation of this court's decision. *Gun Owners of America, Inc. v. Garland*, 19 F.4th 890 (6th Cir. 2021). In October 2022, the United States Supreme Court denied the petition for certiorari. *Gun Owners of America, Inc. v. Garland*, 143 S. Ct. 82 (2022).

In this circuit, at least one other plaintiff filed a lawsuit challenging the regulation. *Hardin v. Bur. of Alcohol, Tobacco, Firearms and Explosives*, No. 3:16cv56 (W.D. Ky). Hardin initiated his lawsuit in January 2019. In December 2019, the plaintiff filed a motion for judgment on the pleadings and the defendants filed a motion for judgment on the administrative record. Judge Edwards granted the defendants' motion in November 2020, *Hardin v. Bur. of Alcohol, Tobacco, Firearms and Explosives*, 501 F. Supp. 3d 445 (W.D. Ky. 2020) and Hardin filed a notice of appeal. The Sixth Circuit held the appeal in abeyance pending the *en banc* decision in *Gun Owners*. Then in April 2023, the Sixth Circuit reversed the district court, declining to apply *Chevron* deference and applying the rule of lenity to conclude that the statutory definition of "machinegun" does not clearly prohibit bump stocks. *Hardin v. Bur. Alcohol, Tobacco, Firearms and Explosives*, 65 F.4th 895, 902 (6th Cir.

2023) *cert. denied Garland v. Hardin*, 144 S. Ct. 2680 (2024). The holding in *Hardin* is binding on this Court.

Other plaintiffs around the county filed similar lawsuits and obtained mixed results at the circuit level. The Court of Appeals for the District of Columbia affirmed a lower court decision denying a preliminary injunction and the Supreme Court denied the petition for certiorari. *See Guedes v. Bur. of Alcohol, Tobacco, Firearms and Explosives*, 920 F.3d 1 (D.C. Cir. 2019) *cert. denied* 140 S. Ct. 789 (Mar. 2, 2020). The Tenth Circuit Court of Appeals affirmed the district court's decision to deny a preliminary injunction against the ATF rule. *Aposhian v. Barr*, 958 F.3d 969 (10th Cir. 2020). The circuit court granted *en banc* review and, after supplemental briefs and oral argument, affirmed the decision of the initial panel and dismissed the *en banc* review as improvidently granted. *Aposhian v. Wilkerson*, 989 F.3d 890 (10th Cir. 2021). The Supreme Court denied the petition for certiorari. *Aposhian v. Garland*, 143 S. Ct. 84 (2022).

A different outcome eventually occurred in the lawsuit filed by Michael Cargill in the United States District Court for the Western District of Texas. Cargill initiated his lawsuit a few days after this Court denied Plaintiffs' motion for a preliminary injunction. The district court held a bench trial in September 2020 and in November 2020 issued a final order denying Cargill any relief. Cargill appealed and in December 2021, the Fifth Circuit affirmed the district court's decision. *Cargill v. Garland*, 20 F.4th 1004 (5th Cir. 2021). In June 2023, the Fifth Circuit agreed to hear the appeal *en banc. Cargill v. Garland*, 37 F.4th 1091 (5th Cir.). And in January 2023, the *en banc* panel reversed, finding that the ATF exceeded its authority. The Supreme Court granted the government's petition for writ of certiorari,

*Garland v. Cargill*, 144 S. Ct. 374 (Nov. 3, 2023). On June 14, 2024, the Supreme Court affirmed the *en banc* decision. *Garland v. Cargill*, 602 U.S. 406 (2024).

The Supreme Court's *Cargill* opinion is binding on this Court. A semiautomatic rifle equipped with a bump stock does not meet the statutory definition of "machinegun." *Cargill*, 602 U.S. at 415. As a result, ATF exceeded its authority by promulgating a rule that classifies bump stocks as machineguns. *Id.*

## II.

### A.

At the parties repeated requests, the Court stayed this lawsuit starting in May 2019 (ECF No. 55). The Court extended the stay through the denial of the petition for certiorari in this lawsuit (ECF Nos. 73-75). In December 2022, the Court temporarily lifted the stay to permit the parties to file the administrative record (ECF No. 78). In August 2024, the Court informed the parties that, absent extraordinary circumstances, the Court intended to lift the stay at the end of September so that this lawsuit could proceed (ECF No. 95).

On October 1, 2024, the parties submitted a final joint status report summarizing their impasse (ECF No. 98). While they agree that *Cargill* largely resolves this dispute, they disagree about the extent of the relief that should be included in a final order. The parties have submitted competing proposals for the final order. Plaintiffs submitted proposed order, styled as a 12-paragraph consent judgment (ECF No. 99 PageID.6576-79). The proposed order grants both preliminary and permanent injunctive relief; provides for declaratory relief; identifies Plaintiffs as the prevailing party and awards costs and fees; concludes that plaintiffs' attorneys are entitled to an upward departure for fees; requires the parties to submit a consent

order for the fees and costs; requires Defendants to confer and to timely ensure that all bump stocks in their possession are promptly returned to their owners; and dismisses without prejudice the Fifth Amendment takings claim (*id.*).

The government offers a succinct, two-sentence proposed order granting Plaintiffs declaratory relief consistent with the holding in *Cargill* (ECF No. 101 PageID.6586). The government argues that the court should not grant Plaintiffs any injunctive relief because Plaintiffs cannot show that the ATF rule will be enforced against them. The government reasons that without a threat of enforcement, a court should not grant injunctive relief.

B.

Under Article III of our constitution, federal courts may only resolve cases or controversies. U.S. Const. art. III, § 2; *Thompson v. DeWine*, 7 F.4th 521, 524 (6th Cir. 2021). The requirement for a case or controversy remains throughout the duration of a lawsuit, even through an appeal. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). Without a case or controversy, a lawsuit becomes moot and federal courts lack jurisdiction over the action. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *In re Kramer*, 71 F.4th 428, 438 (6th Cir. 2023). A lawsuit becomes moot when the issues presented are no longer "live," when the parties lack a legally cognizable interest in the outcome, and when a ruling from the court would not affect the legal interests of the parties. *Chafin*, 568 U.S. at 172; *Kramer*, 71 F.4th. at 438. Mootness occurs when "subsequent events make it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur and 'interim relief or events have completely and irrevocably eradicated the effects of the alleged

violations.'" *Cleveland Branch, N.A.A.C.P. v. City of Parma, Ohio*, 263 F.3d 513, 530-31 (6th Cir. 2001) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).

The opinions in *Cargill* and *Hardin* rendered Plaintiffs' request for prospective injunctive relief moot. "The appropriate inquiry ... is whether the changes in the factual circumstances that prevailed at the commencement of the litigation have mooted the plaintiffs' claims." *Salyers v. Sec'y of Health and Human Servs.*, 798 F.2d 897, 901 (6th Cir. 1986). Binding court opinions issued after a plaintiff files a lawsuit may render that plaintiff's request for prospective injunctive relief moot. *E.g., id.* Both the Sixth Circuit and our Supreme Court have issued binding opinions that preclude ATF from enforcing the bump stock rule.

### III.

The Court finds that Plaintiffs' requests for injunctive relief are moot following *Cargill* and *Hardin*. Defendants do not oppose Plaintiffs' request for declaratory relief. Contemporaneous with this order, the Court will issue a final order using Defendants' proposal. Consistent with Plaintiff's proposed order, the Court will dismiss without prejudice the third and fourth causes of action in the complaint. **IT IS SO ORDERED.**

Date: November 1, 2024               /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     United States District Judge