UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUN OWNERS OF AMERICA, INC.,
GUN OWNERS FOUNDATION,
VIRGINIA CITIZENS DEFENSE LEAGUE,
MATT WATKINS, TIM HARMSEN, and
RACHEL MALONE,

           Plaintiffs,

v.

MERRICK B. GARLAND, *et al.*,

           Defendants.

Case No. 1:18-cv-01429-PLM-RSK

Hon. Paul L. Maloney

___

**PLAINTIFFS GUN OWNERS OF AMERICA, INC., GUN OWNERS FOUNDATION, VIRGINIA CITIZENS DEFENSE LEAGUE, MATT WATKINS, TIM HARMSEN, AND RACHEL MALONE'S MOTION FOR ATTORNEYS' FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT**

    Plaintiffs Gun Owners of America, Inc., Gun Owners Foundation, Virginia Citizens Defense League, Matt Watkins, Tim Harmsen, and Rachel Malone ("Plaintiffs") move, pursuant to both Rule 54(d) of the Federal Rules of Civil Procedure and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for an award of attorneys' fees, costs, and expenses reasonably incurred in this case. In support of this motion, along with its Memorandum, simultaneously filed herewith, Plaintiffs show the following:

    1.    Plaintiffs filed this action for declaratory and injunctive relief on December 26, 2018, pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331. This Court had authority to grant the remedy Plaintiffs sought under 28 U.S.C. §§ 2201 and 2202 and 5 U.S.C. § 706. The suit was brought

1

against Matthew Whitaker, named in his then official capacity as Acting Attorney General,[1] U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives, and Thomas E. Brandon, in his then official capacity as Acting Director, Bureau of Alcohol, Tobacco, Firearms and Explosives[2] (hereinafter collectively "Defendants"). Plaintiffs' central claim against Defendants was that the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") rule titled Bump-Stock Devices, 83 Fed. Reg. 66,514 (Dec. 26, 2018) (Bump-Stock Rule), was issued in excess of ATF's statutory authority and was therefore unlawful. Plaintiffs sought declaratory, injunctive, and other relief.

2.  This Court held a hearing on Plaintiffs' motion for a preliminary injunction on March 6, 2019. Fifteen (15) days later, on March 21, 2019, the Court denied Plaintiffs' motion for a preliminary injunction. Plaintiffs filed an appeal. The Sixth Circuit initially reversed the Court's decision and ruled against the government. *Gun Owners of Am., Inc. v. Garland*, 992 F.3d 446 (6th Cir. 2021).

3.  In June 2021, the Sixth Circuit Court agreed to hear the appeal *en banc*. *Gun Owners of Am., Inc. v. Garland*, 2 F.4th 576 (6th Cir. 2021). The court evenly split with eight judges voting to affirm and eight judges voting to reverse, resulting in the affirmation of this Court's decision. *Gun Owners of Am., Inc. v. Garland*, 19 F.4th 890 (6th Cir. 2021). Thereafter, Plaintiffs petitioned the U.S. Supreme Court for a writ of certiorari, which the Supreme Court denied in October 2022. *Gun Owners of Am., Inc. v. Garland*, 143 S. Ct. 83 (2022).

---

[1] Merrick B. Garland is the current U.S Attorney General and is automatically substituted as a defendant pursuant to Fed. R. Civ. P. 25(d).
[2] Steven M. Dettelbach is the current Director, Bureau of Alcohol, Tobacco, Firearms and Explosives and is automatically substituted as a defendant pursuant to Fed. R. Civ. P. 25(d).

4.      Following Plaintiffs' appeal of this Court's denial of preliminary relief, this case was stayed pending further proceedings in *Garland v. Cargill*, No. 22-976 (U.S.), "due to the potential impact on this case." *See* Nov. 9, 2023 Order, ECF No. 87 (continuing stay); *see also Garland v. Cargill*, 144 S. Ct. 374 (2023) (granting petition for writ of certiorari to the Fifth Circuit). The Supreme Court issued its opinion in *Cargill* on June 14, 2024. *See Garland v. Cargill*, 602 U.S. 406 (2024).

5.      The Supreme Court held that Defendant ATF exceeded its statutory authority by issuing the Bump-Stock Rule, which classified bump stocks as "machineguns" under 26 U.S.C. § 5845(b). The Supreme Court held that a semiautomatic rifle equipped with a bump stock is not a "machinegun" as defined by Section 5845(b) because: (1) it cannot fire more than one shot "by a single function of the trigger" and, (2) even if it could, it would not do so "automatically." *Cargill*, 602 U.S. at 423, 427. Therefore, the Court concluded that ATF exceeded its statutory authority. *See id.* at 429.

6.      Soon after deciding *Cargill*, the Supreme Court also denied the government's petition for a writ of certiorari in *Hardin v. ATF*, No. 20-6380 (6th Cir. Apr. 25, 2023), ECF No. 43 (holding that the National Firearms Act's definition of a "machinegun," 26 U.S.C. § 5845(b), does not encompass bump stock devices). *See Garland v. Hardin*, 144 S. Ct. 2680 (2024).

7.      Then, on June 28, 2024, the Supreme Court decided *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024), together with its companion case, *Relentless, Inc. v. Dep't of Com.*, No. 22-1219. In these cases, the Supreme Court overruled the principle of *Chevron* deference established in *Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984).

8.      These decisions bear on the reasoning of this Court's Mar. 21, 2019 Opinion and Order Denying Plaintiffs' Motion for a Preliminary Injunction, ECF No. 48, PageID.465, which

had applied *Chevron* to conclude that "ATF's interpretation" with respect to bump stocks was "entitled to *Chevron* deference."

9.  On November 1, 2024, this Court entered an Order Resolving Competing Proposals, holding that Plaintiffs' requests for injunctive relief are moot following *Cargill* and *Hardin*, and granting Plaintiffs' request for declaratory relief. *See* Nov. 1, 2024 Order, ECF No. 102. This Court then entered a Final Order declaring that "the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) rule titled Bump-Stock Devices, 83 Fed. Reg. 66,514 (Dec. 26, 2018) (Bump-Stock Rule) was issued in excess of ATF's statutory authority and is therefore unlawful." Nov. 1, 2024 Order, ECF No. 103. It also dismissed Plaintiffs' Fifth Amendment Takings claim (Count 3) and Plaintiffs' Due Process claim (Count 4) without prejudice. *See id.* Notably, this Court observed that "Defendants do not oppose Plaintiffs' request for declaratory relief." *Id.*

10.  Plaintiffs are therefore "prevailing parties." As prevailing parties in this case on their central claim, the Plaintiffs are eligible and entitled to attorneys' fees, costs, and expenses of litigation under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2142. Defendants did not oppose entry of declaratory relief against the Bump-Stock Rule. In addition, Defendants' initial position was not substantially justified. Plaintiffs qualify for a fee award under EAJA because no individual Plaintiff had a net worth of more than $2 million and no Plaintiff organization had a net worth of no more than $7 million and no more than 500 employees at the time suit was filed.

11.  Plaintiffs' Motion for Attorneys' Fees and Costs is filed within 30 days of final judgment in this action and is thus timely.

11.  The position of the United States was not substantially justified, as it departed from longstanding agency rulings and arbitrarily reclassified bump stock devices from an unregulated firearm accessory to a federally prohibited "machinegun." *See* 18 U.S.C. § 922(o). Likewise, in

4

clear excess of ATF's legal authority, Defendants' Rule also rewrote the federal statutory definition of a machinegun by incorporating and then applying the federal definition of a rifle ("single pull of the trigger") into the congressionally predefined definition of a "machinegun," discarding the federal statutory definition of "machinegun" incorporating a "single function of the trigger."

12. No special circumstances exist which would make an award of fees and other expenses, including expert witness and travel, unjust.

13. Plaintiffs' counsel are entitled to an upward fee enhancement, due to the complexity of the litigation and the lack of qualified attorneys to handle it.

14. An enhanced rate is appropriate in this case, based on what has been awarded in the Western District of Michigan, and the Michigan Economic Survey study using 75th percentile based on years and experience. *See* Exhibits 9 & 10. Likewise, Plaintiffs rely on the declarations/affidavits of Randall Pentiuk, Esq., Dean Greenblatt, Esq., and John Harris, Esq., attorneys who attest to the rate sought and the skill of the attorneys handling this matter.

15. Attorneys for Plaintiffs kept detailed records of hours, costs, and expenses throughout this litigation. The accompanying materials and declarations of Plaintiffs' counsel include itemized statements stating the actual time expended and the rate at which fees and other expenses were computed. Plaintiffs' attorneys' fees, costs, and expenses through November 30, 2024 are reasonable for a case of this nature. Should Defendants oppose this motion and if Plaintiffs were to seek and be granted leave for a reply brief, they seek fees associated with its preparation.

17. This Motion is based on the accompanying Memorandum with its Exhibits, including the declarations of Plaintiffs' counsel and the records of the fees, costs, and expenses incurred.

Therefore, as documented in the accompanying material, Plaintiffs respectfully request that the Court award them attorneys' fees in the amount of $431,272.50 and litigation costs and expenses in the amount of $34,851.53.

          Respectfully submitted,
          PENTIUK, COUVREUR & KOBILJAK, P.C.

          By:   */s/Kerry L. Morgan*
          Kerry L. Morgan (P32645)
          2915 Biddle Avenue, Suite 200
          Wyandotte, MI  48192
          Main:   (734) 281-7100
          Fax:   (734) 281-7102
          Kmorgan@pck-law.com


          WILLIAM J. OLSON, P.C.

          By:   */s/Robert J. Olson*
          Robert J. Olson
          370 Maple Avenue West, Suite 4
          Vienna, VA  22180
          T:   (703) 356-5070
          F:   (703) 356-5085
          wjo@mindspring.com
          *Attorneys for Plaintiffs*

Dated:  November 30, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2024, I e-filed the foregoing Motion of Plaintiffs Gun Owners of America, Inc., Gun Owners Foundation, Virginia Citizens Defense League, Matt Watkins, Tim Harmsen, and Rachel Malone's Motion for Attorneys' Fees and Costs Under the Equal Access to Justice Act and Memorandum in Support, via electronic means using this Court's e-filing and e-service system which will serve a copy upon all counsel of record.

/s/ *Kerry L. Morgan*
Kerry Morgan