## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GUN OWNERS OF AMERICA, INC.,
GUN OWNERS FOUNDATION,
VIRGINIA CITIZENS DEFENSE LEAGUE,
MATT WATKINS, TIM HARMSEN, and       Case No. 1:18-cv-01429-PLM-RSK
RACHEL MALONE,

                                     Hon. Paul L. Maloney

                    Plaintiffs,

      v.

MERRICK B. GARLAND, *et al.*,

                    Defendants.

---

## <u>PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES AND COSTS</u>

Plaintiffs Gun Owners of America, Inc., Gun Owners Foundation, Virginia Citizens Defense League, Matt Watkins, Tim Harmsen, and Rachel Malone ("Plaintiffs") move, pursuant to LCivR 7.1 and LCivR 7.3(c), for leave to file a Reply in Support of Their Motion for Attorneys' Fees and Costs and would show unto the Court the following:

1. On November 1, 2024, this Court entered an Order Resolving Competing Proposals, granting Plaintiffs' request for declaratory relief.  *See* Nov. 1, 2024 Order, ECF No. 102.  This Court then entered a Final Order declaring that "the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) rule titled Bump-Stock Devices, 83 Fed. Reg. 66,514 (Dec. 26, 2018) (Bump-Stock Rule) was issued in excess of ATF's statutory authority and is therefore unlawful."  Nov. 1, 2024 Order, ECF No. 103.

1

2.  Plaintiffs timely filed their Motion for Attorneys' Fees and Costs (ECF No. 104), their Memorandum in Support of their Motion (ECF No. 105) and their Certificate of Compliance with LCivR 7.1(d) (ECF No. 106) on November 30, 2024.

3.  On December 16, 2024, Defendants filed their Opposition to Plaintiffs' Motion for Attorneys' Fees.  ECF No. 107.

4.  Plaintiffs seek the ability to file a Reply to Defendants' Opposition, which will be limited to ten (10) pages and will be filed within three (3) days of Defendants' Opposition, or by December 19, 2024.

5.  Plaintiffs seek to file a Reply to rebut various of Defendants' arguments about the standard for addressing an Equal Access to Justice Act fee petition, and to be able to rebut Defendants' response to Plaintiffs' allegation that the "position of the United States was not substantially justified." *See* 28 U.S.C. § 2412(d)(1)(B).

6.  Given that Plaintiffs are required only to "allege" that the Defendants' position is unjustified, whereupon the burden shifted to Defendants to demonstrate substantial justification, a Reply should be allowed so that Plaintiffs' may respond to Defendants' assertions that their position was justified.

7.  Counsel for Plaintiffs conferred with counsel for Defendants who stated that they take no position on this Motion.

8.  This Motion is based on the accompanying Memorandum and the LCivR 7.1(d) Certificate.

9.  Pursuant to LCivR 5.7(f), Plaintiffs' proposed Reply is attached hereto as Exhibit A.

Therefore, Plaintiffs request leave to file a Reply in Support of Their Motion for Attorneys' Fees and Costs, limited to ten (10) pages, which is filed contemporaneously with this motion.

Respectfully submitted,
PENTIUK, COUVREUR & KOBILJAK, P.C.

By:     */s/Kerry L. Morgan*
Kerry L. Morgan (P32645)
2915 Biddle Avenue, Suite 200
Wyandotte, MI  48192
Main:    (734) 281-7100
Fax:      (734) 281-7102
Kmorgan@pck-law.com


WILLIAM J. OLSON, P.C.

By:     */s/Robert J. Olson*
Robert J. Olson
370 Maple Avenue West, Suite 4
Vienna, VA  22180
T:    (703) 356-5070
F:    (703) 356-5085
rob@wjopc.com
*Attorneys for Plaintiffs*

Dated:  December 19, 2024


## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2024, I e-filed the foregoing Motion of Plaintiffs

Gun Owners of America, Inc., Gun Owners Foundation, Virginia Citizens Defense League, Matt

Watkins, Tim Harmsen, and Rachel Malone's Motion for Leave to File a Reply to Defendants'

Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs Under the Equal Access to Justice

Act, via electronic means using this Court's e-filing and e-service system which will serve a copy

upon all counsel of record.

/s/ *Kerry L. Morgan*
Kerry Morgan

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GUN OWNERS OF AMERICA, INC.,
GUN OWNERS FOUNDATION,
VIRGINIA CITIZENS DEFENSE LEAGUE,
MATT WATKINS, TIM HARMSEN, and          Case No. 1:18-cv-01429-PLM-RSK
RACHEL MALONE,

                                        Hon. Paul L. Maloney

                Plaintiffs,

    v.

MERRICK B. GARLAND, *et al.*,

                Defendants.

---

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiffs Gun Owners of America, Inc., Gun Owners Foundation, Virginia Citizens Defense League, Matt Watkins, Tim Harmsen, and Rachel Malone ("Plaintiffs") move, pursuant to LCivR 7.1 and LCivR 7.3(c), for leave to file a Reply in Support of Their Motion for Attorneys' Fees and Costs.

After this Court entered an Order Resolving Competing Proposals (ECF No. 102), it entered a Final Order declaring that "the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) rule titled Bump-Stock Devices, 83 Fed. Reg. 66,514 (Dec. 26, 2018) (Bump-Stock Rule) was issued in excess of ATF's statutory authority and is therefore unlawful." Nov. 1, 2024 Order, ECF No. 103. Subsequently, Plaintiffs timely filed their Motion for Attorneys' Fees and Costs (ECF No. 104), their Memorandum in Support of their Motion (ECF No. 105), and their Certificate of Compliance with LCivR 7.1(d) (ECF No. 106) on November 30, 2024. Defendants filed their Opposition to Plaintiffs' Motion for Attorneys' Fees on December 16, 2024. ECF No. 107.

1

In a motion made under the Equal Access to Justice Act, a fee applicant must include an allegation "that the position of the United States was not substantially justified."  *See* 28 U.S.C. § 2412(d)(1)(B).  Upon making that allegation, the burden shifts to the government, which must demonstrate that its position was substantially justified.  *See Cinciarelli v. Reagan*, 729 F.2d 801, 806 (D.C. Cir. 1984).

In their Opposition, Defendants make their case as to "why" they were "substantially justified."  ECF No. 107, pages 7-9.  But under this District's local rules, Plaintiffs have no opportunity to rebut the Defendants' reasons through the filing of a reply brief.  While there are scant cases detailing the discretionary standard for granting leave to file a reply brief, one recent case reviewed a similar motion utilizing a "good cause" standard, looking at the proposed reply through the lens of whether it would "assist the Court in the disposition" of the motion.  *See Albright v. Michigan*, 2024 U.S. Dist. LEXIS 163104, at *19 n.1 (W.D. Mich. Aug. 1, 2024); *see also Myers v. Wren*, 2022 U.S. Dist. LEXIS 252163, at *31 n.7 (W.D. Mich. Dec. 22, 2022).

In the Eastern District of Michigan, courts have held that they have "discretionary authority when a party that is moving for leave to file a sur-reply demonstrates that the opposing party has presented new arguments or new evidence in the reply to which it seeks to respond."  *Mohlman v. Deutsche Bank Nat'l Tr. Co.,* 2015 U.S. Dist. LEXIS 193792, at *2 (E.D. Mich. Sep. 4, 2015).  Defendants' Opposition, arguing for the first time that the bump stock rule was "substantially justified," is akin to presenting "new arguments or new evidence," and Plaintiffs therefore seek an opportunity to respond to those arguments.

Plaintiffs' proposed Reply would assist the Court in the disposition of their Motion for Attorneys' Fees and Costs as, now that the Defendants have explained their alleged "substantial justification," Plaintiffs would rebut Defendants' explanations and demonstrate why Defendants

2

were not substantially justified in issuing the Final Rule, as set forth in the proposed Reply. Additionally, Defendants appear to misstate the standard for "substantially justified," claiming that "the proper question" is "whether <u>any person</u> could find the agency's position reasonable…" Opposition at 11 (emphasis added).  This is not the standard, as Plaintiffs would show.

## CONCLUSION

For the foregoing reasons, Plaintiffs request the Court grant their Motion for Leave to File Reply in Support of their Motion for Attorneys' Fees and Costs and deem the proposed Reply filed.

Respectfully submitted,
PENTIUK, COUVREUR & KOBILJAK, P.C.

By:      */s/Kerry L. Morgan*
Kerry L. Morgan (P32645)
2915 Biddle Avenue, Suite 200
Wyandotte, MI  48192
Main:     (734) 281-7100
Fax:       (734) 281-7102
Kmorgan@pck-law.com


WILLIAM J. OLSON, P.C.


By:      */s/Robert J. Olson*
Robert J. Olson
370 Maple Avenue West, Suite 4
Vienna, VA  22180
T:    (703) 356-5070
F:    (703) 356-5085
rob@wjopc.com
*Attorneys for Plaintiffs*

Dated:  December 19, 2024

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 19, 2024, I e-filed the foregoing Plaintiffs Gun Owners

of America, Inc., Gun Owners Foundation, Virginia Citizens Defense League, Matt Watkins, Tim

Harmsen, and Rachel Malone's Memorandum in Support of their Motion for Leave to File Reply

in Support of their Motion for Attorneys' Fees and Costs, via electronic means using this Court's

e-filing and e-service system which will serve a copy upon all counsel of record.

/s/ *Kerry L. Morgan*
Kerry L. Morgan

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

GUN OWNERS OF AMERICA, INC.,
GUN OWNERS FOUNDATION,
VIRGINIA CITIZENS DEFENSE LEAGUE,
MATT WATKINS, TIM HARMSEN and
RACHEL MALONE,

                        Plaintiffs,

    vs.

MERRICK B. GARLAND, *et al.*

                        Defendants.

Case No. 1:18-cv-01429-PLM-RSK

Hon. Paul L. Maloney

---

## PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT

Defendants' opposition focuses largely on their claim that the Rule was "substantially justified."  Memorandum in Opposition to Plaintiffs' Motion for Attorneys' Fees ("OMAF") at 7-11, ECF #107; *cf.* Memorandum in Support of Plaintiffs' Motion for Attorneys' Fees ("MAF"), ECF #105.  Meanwhile, Defendants do not dispute (i) that Plaintiffs are prevailing parties (MAF at 6), (ii) that Plaintiffs' fee motion was timely (MAF at 5), or (iii) that Plaintiffs meet the qualifications for a fee award (MAF at 6).  Nor do Defendants contest the number of hours expended or the costs incurred by Plaintiffs' counsel[1] (MAF Ex. 13), asserting only that, if a fee award is appropriate, no upward departure is warranted, and any award should be set at EAJA rates "only adjusted for cost-of-living...." OMAF at 12. But Defendants' objections are without merit.[2]

## A.    ATF Not Only Was Wrong on the Law, But Also Misled Courts on the Facts.

Much of Defendants' argument revolves around the fact that some courts, including this Court, found ATF's position reasonable and/or have upheld the Rule (or voted in dissent to uphold the Rule).[3]  OMAF at 7-8.  But it is not the law that an agency's position is "substantially justified" anytime a court agrees.  *Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("the fact that one other court agreed or disagreed with the Government does not establish whether its position was

---

[1] *See Humphrey v. U.S. AG Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("failure to oppose [] motions" means "the arguments have been waived."); *Merit Med. Sys. v. Aspen Surgical Prods., Inc.*, 2007 U.S. Dist. LEXIS 17537, at *3-4 (W.D. Mich. Mar. 12, 2007) ("failure to address this argument in [a] response brief … constitutes waiver or abandonment of the argument."); *Burley v. Quiroga*, 2019 U.S. Dist. LEXIS 40597, at *24 (E.D. Mich. Jan. 25, 2019) ("A non-moving party's failure to address an argument in its opposition brief waives the argument.").

[2] Despite repeatedly citing the "reasonable person" standard in *Pierce v. Underwood*, 487 U.S. 552 (1988), Defendants later claim that "the proper question before the Court under EAJA is whether any person could find the agency's position reasonable…."  OMAF at 11 (emphasis added). Presumably this was a drafting error, because such an "any person" standard is not the law.

[3] Defendants fail to recognize the *preliminary* posture of this Court's prior decision.  *See* ECF #48. Meanwhile, the Sixth Circuit's decision in *Hardin v. BATFE*, 65 F.4th 895 (6th Cir. 2023), reversed and remanded after a summary judgment opinion, a merits decision.  Likewise, the Supreme Court's decision in *Garland v. Cargill*, 602 U.S. 406 (2024), was a review of an opinion following a bench trial, another decision on the merits.

substantially justified").  Indeed, Defendants later admit that "the substantial justification analysis under EAJA turns on whether *Defendants* adopted a reasonable position – not the Court."  OMAF at 10.  It is hardly surprising that some courts would reach erroneous conclusions when *misled on the basic facts*, when deferring to an agency that claims unqualified expertise in the field.

For example, ATF repeatedly represented to this Court that bump stocks "**harness the recoil energy** when a shot is fired" (Opinion and Order Denying Plaintiffs' Motion for a Preliminary Injunction ("Op.") at 15, ECF #48), a flatly erroneous factual assertion that Plaintiffs disputed.  *See id.* at 12, 13.  But as the Supreme Court explained, it is the "shooter … [who] uses a firearm's recoil to help rapidly manipulate the trigger."  *Garland v. Cargill*, 602 U.S. 406, 411 (2024); *see also id.* ("the shooter allows the recoil from one shot to push the whole firearm backward," and "the shooter uses his nontrigger hand to maintain forward pressure," which "counteracts the recoil").  Similarly, ATF claimed that a bump stock shooter applies "**constant forward pressure**" to the firearm, another assertion on which this Court again relied.  Op. at 7.  But again, the Supreme Court explained this is not how bump stocks work: "Bump firing is a balancing act.  The shooter must maintain *enough forward pressure*," but not "too much forward pressure," and thus must seek "the right balance...."[4]  *Cargill*, 602 U.S. at 411 (emphasis added); *see also id.* at 424 ("actively maintain just the right amount of forward pressure.").  Finally, Defendants asserted that a bump stock operates "automatically" because it sets off a "firing sequence" which continues "**without additional physical manipulation** of the trigger."  *See* ECF #37 at 7.  But again, the Court made clear that bump firing requires "ongoing manual input," without which a firearm "will not fire multiple shots."  *Cargill*, 602 U.S. at 424.

---

[4] *See* Compl. Ex. 12 (ATF admitting in 2008 that bump stocks require "applying the *appropriate amount* of forward pressure").

These are not merely "ultimately … not correct" (OMAF 11-12) legal interpretations of the statute, but instead are Defendants misrepresenting the *basic facts* of how these mechanical objects operate.  *See also* ECF #37 at 6-7 (identifying other of ATF's factual misrepresentations). In their opposition, Defendants focus on their "interpretations of [*statutory*] terms," claiming they believed the Rule to "represent the best interpretation of the *statute*."  OMAF at 3; *see also id.* at 7 (arguing "ATF reasonably interpreted the *statute*").  But Defendants' opposition entirely fails to engage on the issue of ATF's repeated misrepresentations of key *factual* issues, misrepresentations which permeated this case's preliminary posture.

Yet it is axiomatic that, to be "substantially justified," an agency must have "'a reasonable basis in both law and fact.'"  *F.J. Vollmer Co. v. Magaw*, 102 F.3d 591, 595 (D.C. Cir. 1996) (involving *another* ATF misclassification of a device as a machinegun); *see also id.* at 596 ("an agency's position [i]s not substantially justified when 'it lack[s] a reasonable factual basis'"); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (agency must show "that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.").  But as explained above, no "reasonable factual basis" exists here; rather, the opposite is true, because ATF repeatedly misinformed the Court as to the basic operation of bump stocks.  Yet "[p]hysical facts … particularly those things capable of sensation and touch, cannot be overcome or discredited by word of mouth."  *Bier v. Hosford*, 77 P. 867, 871 (Wash. 1904).  As a matter of law, Defendants cannot be "substantially justified" when they were wrong on the basic underlying facts.  *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("it will be only a 'decidedly unusual case in which there is substantial justification

under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'").

Defendants' position was not "substantially justified" for another, related reason.  In *F.J. Vollmer Co.*, the D.C. Circuit rejected "the Bureau's … treating identical weapons in completely different ways," finding that ATF was not "substantially justified" on that basis.  102 F.3d at 596. Similarly, here, ATF decided to treat bump stocks entirely differently than items like belt loops and rubber bands, even though they function identically to bump stocks in facilitating bump firing. *See Gun Owners of Am., Inc. v. Garland*, 992 F.3d 446, 452 n.2 (6th Cir. 2011) ("Rubber bands, belt loops, and even shoestrings … create the same continuous firing cycle that a bump-stock device creates").  Nevertheless, this Court upheld the Rule's disparate treatment on the theory that "rubber bands and belt loops" are unlike bump stocks because they "do not harness the recoil energy."  Op. at 15.  But again, that conclusion was based on ATF's false representation that bump stocks "harness recoil energy," a claim the Supreme Court flatly rejected.  Thus, ATF's arbitrary decision to treat bump stocks differently than rubber bands and belt loops renders the Rule not "substantially justified" in fact.  *F.J. Vollmer Co.*, 102 F.3d at 596.

### B.    ATF's Legal Position Was Entirely Without Support.

Of course, ATF did not just misrepresent the facts.  Rather, it was grossly wrong in its application of the statutory text to bump stocks.  Defendants claim that ATF "reasonably interpreted the statute," OMAF at 7, but they entirely fail to explain *why* that is so.  Instead, Defendants hang their hat on the fact that some judges voted to uphold the Rule, rendering it "substantially justified."  OMAF at 7-8; *see also id.* at 8-9 (arguing ATF's about-face on bump stocks is not fatal); *id.* at 9-11 (claiming that the Supreme Court's finding the statute unambiguous does not alter the analysis).  But nowhere do Defendants explain *why* their legal conclusions were

reasonable.  Not once do Defendants explain why it was reasonable to conclude that the statutory phrase "single function of the trigger" instead means "single pull of the trigger," or why a bump stock – a piece of injection-molded plastic – operates "automatically."  *See* OMAF at 1 (asserting, *entirely without supporting argument*, that "ATF relied on reasonable interpretations of the statutory phrases," that "the Government adopted reasonable positions while defending this case," and that "the reasonableness of the Government's interpretation and position are <u>evident</u> from the thoughtful decisions of" various courts).  Defendants' complete failure to *explain* their *ipse dixit* and flesh out the purportedly "evident" justification for the Rule is fatal to their opposition, <u>*because it was Defendants' burden to show substantial justification*</u> for the Rule.  *See* 28 U.S.C. § 2412(d)(1)(A)-(B) ("court *shall* award" attorneys' fees "*unless* … [agency's] position … was substantially justified....").

Defendants' inability to explain the justification for their position is hardly surprising, given the Supreme Court's explication of how ATF misinterpreted and misapplied literally every portion of the statute.  Arguing that an agency may take a position "contrary to the plain meaning of an unambiguous statute" and still be "substantially justified," Defendants characterize *Cargill* as merely finding the Rule to be "incorrect."  OMAF at 9-10.  Hardly.  Recounting how "on more than 10 separate occasions over several administrations, ATF consistently concluded" that bump stocks are not machineguns, the Court noted that ATF's change of heart arose from "tremendous political pressure" to ban bump stocks and that, early on, even ATF's most diehard supporters acknowledged that the Rule "'hinge[d] on a dubious analysis'" and that challengers "'would have a field day with [ATF's] reasoning.'"  *Cargill*, 602 U.S. at 41-13.

And have a field day with the Rule, the Court did.  For starters, the Court noted that the statutory phrase "function of the trigger … means the physical trigger movement," not the action

of the shooter.[5]  *Cargill*, 602 U.S. at 416.  Claiming that ATF simply "ignor[ed] the subsequent 'bumps' of the shooter's finger against the trigger,"[6] the Court held that the statute "does not define a machinegun based on … human input."  *Id.* at 422 (noting that "ATF's position is logically inconsistent" and "ATF's argument is … at odds with itself").  These are not the words of "substantial justification."[7]

Next, disputing ATF's contention that bump stocks operate "automatically," the Court accused ATF of "abandoning the text," ignoring all of the human input required to operate a firearm equipped with a bump stock.  *Cargill*, 602 U.S. at 427.  And dispensing with ATF's argument that the statute must be contorted to reach all rapidly firing weapons, the Court noted that "it is difficult to understand how ATF can *plausibly* argue [that], given that its consistent position for almost a decade in numerous separate decisions was that §5845(b) does not capture

---

[5] *See also Cargill v. Garland*, 57 F.4th 447, 461 (5th Cir. 2023) ("Congress did not use words describing the shooter's perspective or the weapon's rate of fire. … Instead, it made up an entirely new phrase—by a single function of the trigger—that specifically pertains to the mechanics of a firearm.").

[6] *See also* ECF #37 at 12 (explaining Defendants ignore that "the shooter's trigger finger is physically separated from the trigger between shots").

[7] In *F.J. Vollmer*, the D.C. Circuit found ATF's position not "substantially justified" because it would lead "to the '_incredible_' conclusion that every semiautomatic receiver manufactured after May 19, 1986, must be considered readily restorable to being a machinegun receiver and thus a prohibited machinegun....").  102 F.3d at 594.  In *virtually identical form*, the Fifth Circuit explained of ATF's position here that, "if ordinary bump firing constituted automatic fire, the Final Rule would 'convert a semiautomatic weapon into a machinegun simply by how a marksman used the weapon.'  That _absurd_ result reveals the flaw in the Government's line of reasoning."  *Cargill v. Garland*, 57 F.4th 447, 464 (5th Cir. 2023); *see also* En Banc Oral Argument, *Gun Owners of Am., Inc. v. Garland*, No. 19-1298 (6th Cir. Oct. 20, 2021), at 38:27 (Judge Murphy asking if the Rule could be applied to ban every semi-automatic AR-15 rifle, and government counsel replying "I just don't know the answer to this question.").

semiautomatic rifles equipped with bump stocks."[8]  *Id.* at 428 (emphasis added).  Again, this is not language indicating "substantial justification."

At bottom, there is no way to come away from the *Cargill* opinion with the sense that ATF's position was "substantially justified."  To the contrary, the Court obliterated the Rule on all fronts, accusing ATF of (i) rewriting the statute, (ii) contorting the text, (iii) defying logic, (iv) undermining its own arguments, (v) misapprehending Congressional intent, and (vi) fudging the facts.  If that encapsulates a rule that is "substantially justified," it is hard to see what sort of agency rulemaking would not be.

### C.    Judicial Opinions Upholding the Rule Do Not Prove Substantial Justification.

As noted above, an agency is not "substantially justified" merely because a court (or courts) concurs.  Defendants admit as much.  OMAF at 8, 10.  Nevertheless, Defendants fail to accurately portray the lay of the land when it comes to judicial opinions on bump stocks.  While noting the more than "twenty-two judicial opinions on the issue," OMAF at 7, Defendants minimize the ones that matter most.  First, as Defendants concede, the Supreme Court (6 to 3) determined that the Rule was without any factual or legal basis.  OMAF at 7-8.  Second, not one but *two* Sixth Circuit panels determined that the Rule was unlawful.  *See Gun Owners of Am., Inc. v. Garland*, 992 F.3d 446 (6th Cir. 2021); *Hardin v. BATFE*, 65 F.4th 895 (6th Cir. 2023).  Third, erroneously claiming that "half of the Sixth Circuit judges … concluded that ATF reasonably interpreted the statute" (OMAF at 7), Defendants omit that *none* of the judges on the subsequent *Hardin* panel were on the *en banc* panel that heard this case.  In other words, when considering the 19 total Sixth Circuit judges who have considered the Rule, 11 of them sided with Plaintiffs.  And fourth, of the eight

---

[8] *See also Bittner v. United States*, 598 U.S. 85, 97 n.5 (2023) ("It is simply that, when the government (or any litigant) speaks out of both sides of its mouth, no one should be surprised if its latest utterance isn't the most convincing one.").

judges who voted to affirm this Court after *en banc* review, no more than five could agree on any one position, with two voting for affirmance without articulating a reason.  Not to mention, four of the affirming judges joined conflicting opinions, one holding that "*Chevron* provides the standard of review" and the other holding that "*Chevron* application is unnecessary here."  *See Gun Owners of Am., Inc. v. Garland*, 19 F.4th 890, 898 (6th Cir. 2021) (White, J., opinion in support of affirming); *id.* at 909 (Gibbons, J., opinion in support of affirming).  Fifth, in stark contrast, all eight dissenting judges in this case (plus the three on the *Hardin* panel) concluded that the Rule violates the rule of lenity, and nine of them determined that the Rule misconstrued the statute.  *Id.* at 927-928; *Hardin*, 65 F.4th at 901.  Finally, Defendants' opposition fails to include any citation to NMCCCA's decision in *United States v. Alkazagh*, 81 M.J. 764 (N-M. Ct. Crim. App. 2021) (concluding in no uncertain terms that bump stocks are not machineguns).

**D.    Plaintiffs Are Entitled to a Fee Enhancement.**

Defendants object to any upward adjustment to fees beyond the COLA, asserting that neither the "'special expertise' fee enhancement" nor "lack of qualified counsel" factor justifies an upward departure.  OMAF at 11-12.  Defendants claim that Plaintiffs' allegations about the "lack of qualified counsel" are nothing more than "unsupported allegation[s]" (*id.* at 12), entirely failing to acknowledge the numerous declarations Plaintiffs submitted providing evidence to the contrary.  MAF Exs. 6-10.  And although claiming that *Pierce v. Underwood*, 487 U.S. 552 (1988), somehow undermines Plaintiffs' claim, in fact *Pierce* explained that the language "limited availability of qualified attorneys" means "attorneys having some distinctive knowledge or specialized skill needful for the litigation in question" – which is precisely what Plaintiffs' motion

and supporting declarations allege in detail.[9]  Nor have Defendants made any attempt to engage with the declarations of Pentiuk or Greenblatt (MAF Exs. 6, 7), whose unrebutted testimony demonstrates that the prevailing market rates for attorneys within this district are comparable to or greater than the rates sought here.  Because Defendants do not even acknowledge Plaintiffs' submitted evidence, much less make any attempt to dispute it substantively, that evidence stands unrebutted.  *See Begley v. Sec'y of HHS*, 966 F.2d 196, 200-01 (6th Cir. 1992) (reversing and remanding for district court to consider "[t]he special factors raised by plaintiffs in support of enhanced hourly fees," which "should [have] be[en] considered by the district court," including "specifically determin[ing] the prevailing market rate for legal services of the kind and quality rendered in this case and whether increases in the cost of living or special factors involved in this representation justify rates in excess of" the statutory EAJA rate); *see also Townson v. Garland*, 2024 U.S. Dist. LEXIS 120882, at *24-25 (S.D. Ala. July 10, 2024) ("In light of the increased cost of living and framed by its 'own knowledge and experience concerning reasonable and proper fees' … the Court finds that a rate of $300 per hour for Mr. Harris is appropriate here.").

---

[9] *See* MAF at 11 (Mr. Olson practices almost exclusively Second Amendment litigation … including complex statutory and constitutional challenges to state and federal firearms laws and regulations," and "Mr. Olson's firm routinely litigates against ATF in particular"); *see also* MAF Ex. 9, Olson Dec. ¶9 (detailing track record of success litigating against ATF in complex cases such as this); MAF Ex. 8, Harris Dec. ¶4 (explaining that the few attorneys nationwide with experience litigating against ATF are "not comparable … to local or even regional attorneys who may handle general litigation or even litigation against other state or federal agencies"), ¶5 ("there is a very limited number of attorneys nationally who practice in this area or that have the level of competence, expertise and specialized understanding of the law in the areas relevant to the issues in this civil action that these attorneys have achieved"); MAF Ex. 7, Greenblatt Dec. ¶9 ("few attorneys would have been capable of litigating the above-captioned matter as effectively as counsel for Plaintiffs have").

**CONCLUSION**

In passing the EAJA, Congress intended the award of legal fees against the United States to serve an important public interest, namely the minimization of resource disparity when individuals and nonprofits such as Plaintiffs dare to challenge federal overreach in costly litigation. Unfortunately, this challenge to ATF action is not unique, but rather a symptom of a rogue agency routinely overstepping its bounds.  *See, e.g.*, *Mock v. Garland*, 75 F.4th 563 (5th Cir. 2023) (affirming injunction against ATF "pistol brace" rule); *VanDerStok v. Garland*, 86 F.4th 179 (5th Cir. 2023) (upholding injunction against ATF "frame or receiver" rule); *Texas v. BATFE*, 2024 U.S. Dist. LEXIS 103441 (N.D. Tex. June 11, 2024) (enjoining ATF "engaged in the business" rule).  Because Defendants have failed to meet their burden to demonstrate that the Rule was "substantially justified," and failed to rebut Plaintiffs' evidence justifying an upward departure in fee rates, this Court should award Plaintiffs their reasonable attorneys' fees and costs incurred in this litigation, at the rates and in the amounts requested in Plaintiffs' motion.[10]

Respectfully submitted,

PENTIUK, COUVREUR & KOBILJAK, P.C.

By:     */s/Kerry L. Morgan*
Kerry L. Morgan (P32645)
2915 Biddle Avenue, Suite 200
Wyandotte, MI  48192
Main:     (734) 281-7100
Fax:     (734) 281-7102
Kmorgan@pck-law.com

---

[10] In addition to the amount sought in Plaintiffs' fee motion, Plaintiffs seek an additional $6,065 for the preparation of this reply brief and motion for leave to file.  This total is comprised of 7.2 hours for Robert Olson, Esq. at $425 per hour, 5.8 hours for Stephen Stamboulieh, Esq. at $425 per hour, and 1.8 hours for Kerry Morgan, Esq. at $300 per hour.

WILLIAM J. OLSON, P.C.

By:      */s/Robert J. Olson*
Robert J. Olson
370 Maple Avenue West, Suite 4
Vienna, VA  22180
T:    (703) 356-5070
F:    (703) 356-5085
rob@wjopc.com
*Attorneys for Plaintiffs*

Dated:  December 19, 2024


**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2024, I e-filed the foregoing Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs Under the Equal Access to Justice Act, via electronic means using this Court's e-filing and e-service system which will serve a copy upon all counsel of record.

/s/ *Kerry L. Morgan*
Kerry Morgan

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GUN OWNERS OF AMERICA, INC.,
GUN OWNERS FOUNDATION,
VIRGINIA CITIZENS DEFENSE LEAGUE,
MATT WATKINS, TIM HARMSEN and        Case No. 1:18-cv-01429-PLM-RSK
RACHEL MALONE,
                                      Hon. Paul L. Maloney
                    Plaintiffs,

        v.

MERRICK B. GARLAND, *et al.*

                    Defendants.

_____

**LCivR 7.1(d) Certificate**

Plaintiffs, Gun Owners of America, Inc., Gun Owners Foundation, Virginia Citizens Defense League, Matt Watkins, Tim Harmsen and Rachel Malone (hereinafter collectively "Plaintiffs") respectfully file this, their LCivR 7.1(d) Certificate in support of their Motion for Leave to File Reply in Support of Their Motion for Attorneys' Fees and Costs.

Pursuant to LCivR 7.1(d)(i), when filing a motion, the moving party is required to "ascertain whether the motion will be opposed." Counsel for Plaintiffs emailed counsel for Defendants on December 17, 2024 at 10:29 AM, seeking Defendants' position on Plaintiffs' proposed Motion for Leave to File. Counsel for Defendants responded on December 17, 2024 at 10:49 AM stating that they "take no position on [the] motion." Counsel for Plaintiffs then emailed counsel for Defendants on December 18, 2024, at 4:25 PM, seeking their position on an additional three (3) pages for the proposed reply, and on December 19, 2024 at 9:32 AM Counsel for Defendants stated "we still do not take a position on your motion."

1

Respectfully submitted,

PENTIUK, COUVREUR & KOBILJAK, P.C.

By:    */s/Kerry L. Morgan*
Kerry L. Morgan (P32645)
*Attorneys for Plaintiffs*
2915 Biddle Avenue, Suite 200
Wyandotte, MI  48192
Main:    (734) 281-7100
Fax:      (734) 281-7102
Kmorgan@pck-law.com

WILLIAM J. OLSON, P.C.

By:    */s/Robert J. Olson*
Robert J. Olson
370 Maple Avenue West, Suite 4
Vienna, VA  22180
T:   (703) 356-5070
F:   (703) 356-5085
Rob@wjopc.com
*Attorneys for Plaintiffs*

Dated:  December 19, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2024, I e-filed the foregoing LCivR 7.1(d) Certificate, via electronic means using this Court's e-filing and e-service system which will serve a copy upon all counsel of record.

/s/ *Kerry L. Morgan*
Kerry L. Morgan